Gerardo **MENDEZ**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 385S103.

Supreme Court of Indiana.

April 24, 1986.

Robert R. Garrett, Public Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Gerardo Mendez, charged with Murder, was convicted of Voluntary Manslaughter by a jury in the Lake County Superior Court. He was sentenced to fourteen (14) years of imprisonment and now directly appeals, alleging the State failed to sufficiently disprove his claim of self-defense.

Robert Mejia was discovered in his apartment on July 31, 1984. The blood trailing through his apartment led to the bathroom where his body was found with forty-six (46) stab wounds. Detective George Bradley of the homicide division of the Gary Police Department arrested Appellant on August 1, 1984. When he went to Appellant's residence, Appellant had a bandaged hand and was eager to make a statement upon arrest. When Appellant gave his statement at the police station he indicated the following facts. He had been drinking with the victim and when they returned to the victim's apartment the victim poured two more drinks and went into the bedroom. There the victim removed Appellant's shorts and performed sodomy on him. When Appellant got up from the bed, the victim hit him on the head with one of the glasses. Appellant then went into the kitchen and got a small knife which he hid in his hand. He then shouted profanities at the victim and began stabbing him until the victim retreated to the bathroom. Appellant left via the front door and ran home.

Appellant contends that the evidence was insufficient to negate his claim of self-defense. It is well-settled in Indiana that to prevail on a claim of self-defense, the defendant must have been in a place where he had a right to be, acted without fault, *and acted in reasonable fear or apprehension of death or great bodily harm.* The question of whether a person is justified in using deadly force to defend himself is one for the trier of fact to determine by consideration of all the facts bearing on that issue. *Dean v. State* (1982), Ind., 432 N.E.2d 40, *reh. denied,* (emphasis added). Further, whether the State failed to negate the defense of self-defense beyond a reasonable doubt is treated in the same manner as any other challenge to the sufficiency of evidence. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Hinkle v. State* (1984), Ind., 471 N.E.2d 1088. Upon review for sufficient evidence this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. We neither reweigh the evidence nor judge the credibility of witnesses. *Vincent v. State* (1986), Ind., 489 N.E.2d 49.

In the present case there was substantial evidence of probative value from which the trier of fact could conclude, beyond a reasonable doubt, that Appellant did not act in self-defense. *McCann v. State* (1984), Ind., 466 N.E.2d 421. Appellant gave different versions of what transpired the evening in question. In his written statement to the police, Appellant did not claim he was sexually violated against his will, but stated that the victim, after performing sodomy, had hit him with a glass. Then Appellant went to the kitchen and retrieved a small knife, which according to Appellant's statement, he hid in his hand. He then returned to the victim, called him several profanities and began stabbing him. At trial Appellant varied his former statement and testified that after entering the

victim's apartment he went into the bedroom to watch television and fell asleep due to having drunk heavily earlier that evening. He awoke to the pain of being sodomized by the victim. He went into the kitchen and retrieved a small knife, but when the victim convinced him there was no need for violence, he laid it on top of a stero. When Appellant returned to the bedroom to get his shirt, the victim appeared with the knife in his hand. As Appellant tried to pass the victim, the victim nudged him with the knife. Appellant then tried to disarm the victim and cut himself when he grabbed the blade. After obtaining the knife, Appellant stabbed the victim several times to get the victim off of him. Appellant testified time and again that he stabbed the victim no more then eighteen (18) times. However, there were forty-six (46) stab wounds on the victim's body. Also, the victim's car was found, with blood stains matching Appellant's blood type in several areas, parked near Appellant's home. Appellant claimed he ran straight out of the victim's apartment and home. Several items were reported missing from the victim's home by the victim's family, but Appellant denied taking any of the items, including the car.

In addition to the discrepancy in Appellant's own statement and testimony, the State contends that the forty-six (46) stab wounds were strongly inconsistent with Appellant's claim of self-defense. It is clear that the jury concluded that Appellant acted in "sudden heat", and yet did not believe Appellant also acted in self-defense. In light of the conflicting evidence reviewed above and the forty-six (46) stab wounds, there was sufficient evidence from which the jury could conclude, beyond a reasonable doubt, Appellant did not act in self-defense. Accordingly, the verdict must stand.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.