Gregory L. CRISLER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S00–8608–CR–764.

Supreme Court of Indiana.

July 1, 1987.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Gregory Crisler, charged with Murder, was convicted by jury of Voluntary Manslaughter, a class B felony. He was sentenced to fifteen (15) years imprisonment on May 11, 1982. He directly appeals, raising two issues for our review: (1) sufficiency of the evidence, and (2) sentencing.

The facts show Barbara Ann Miles, the victim, was at the Early Inn, a bar near 21st Street and Broadway in Gary, Indiana, at approximately 1:00 a.m. on December 16, 1981. Crisler entered the bar, walked up to Miles, and whispered something in her ear. Miles and Crisler began to argue loudly. Apparently, Crisler had asked Miles for his money which she then threw at Crisler.

Miles then walked out the door of the Early Inn with Crisler following her. Outside, Miles put her hand in her pocket as if holding a gun and told Crisler to back off. As Crisler moved towards Miles, she backed away. Miles told Crisler to leave her alone and to get away from her and that she didn't want to hurt him. Crisler then said, "I'm going to make you shoot me." Crisler ran across the street to his car and took out a gun. Crisler then ran to the middle of the street and began firing at Miles. He pursued her some distance while shooting at her. No one saw Miles holding a gun or shooting back at Crisler. A witness testified the fourth shot hit Miles and she fell in the middle of the street. The same witness later heard Crisler, who was coming out of the Inn, state Miles had tried to shoot him. Crisler then drove away.

Miles was discovered dead near the intersection of Washington Street and 21st Avenue. Death was determined to be caused by a bullet wound to the chest which lacerated the right lung and liver. No gun was found near her body. Gunshot residue tests performed shortly after the incident revealed Miles had neither fired nor held a gun which had been fired on December 16.

## I.

Crisler first contends the State did not present sufficient evidence to overcome his claim of self-defense. Whether the State has disproved a claim of self-defense is a question of fact to be determined by the jury. *Weekly v. State* (1986), Ind., 496 N.E.2d 29, 30; *Bowling v. State* (1986), Ind., 493 N.E.2d 783, 785. It is reviewed as any other sufficiency question. We do not reweigh the evidence or judge the credibility of witnesses. Rather, we look to the evidence most favorable to the State along with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Weekly*, 496 N.E.2d at 30.

Crisler does not deny shooting Miles, but maintains his actions were in self-defense. He claims he thought Miles had a gun in her pocket and was going to shoot him. To prevail on a claim of self-defense, the defendant must have been in a place where he had a right to be, acted without fault, and acted in reasonable fear of death or great bodily harm. *Mendez v. State* (1986), Ind., 491 N.E.2d 532, 533; Ind.Code Ann. § 35–41–3–2 (Burns 1985). The force used to repel an attack must be reasonable and may be used only in the belief that such degree of force is necessary to defend oneself. *Sanders v. State* (1981), Ind., 428 N.E.2d 23, 26.

■ There was sufficient evidence from which the jury could find beyond a reasonable doubt that Crisler did not act in self-defense. The witnesses agree Miles put her hand in her pocket and appeared to have a gun. However, no one saw a gun, not even Crisler. Further, no weapon was found near the victim's body. Miles made no physical attack on Crisler. In fact, after Crisler got his gun, she retreated from the area by running north on Broadway. From this evidence, it was reasonable for the jury to disbelieve Crisler's claim of self-defense. Even assuming Crisler feared for his safety, the evidence sufficiently supported the determination that he used excessive force in protecting himself.

## II.

Crisler next argues the sentence imposed was manifestly unreasonable as the court improperly weighed the mitigating and aggravating circumstances surrounding the crime. Crisler was convicted of a class B felony and was sentenced to a term of fifteen (15) years, which represents a five (5) year enhancement of the presumptive sentence.

We will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which the sentence was imposed. *Bowling*, 493 N.E.2d at 787; Ind.R.App.Rev.Sen. 2.

■ The court explained the penalty imposed was due to the nature in which the crime was committed. Crisler went across the street, approximately one hundred feet, to get the weapon. He came back, fired the weapon several times, and pursued Miles for at least a half block after she tried to run away. In fact, based on the manner in which the crime was committed, the court stated the maximum penalty of twenty (20) years was appropriate. However, the maximum penalty was not imposed due to the mitigating factors of Crisler's age of 23 years, his lack of prior criminal activity, and the possibility of the presence of an element of provocation, although clearly not enough provocation to warrant what was done to the victim. The court considered aggravating and mitigating circumstances and properly supported

its reasons for imposing the enhanced sentence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.