Lonnie K. STEPHENS, Appellant,

v.

STATE of Indiana, Appellee.

No. 05S00–8807–CR–670.

Supreme Court of Indiana.

Sept. 22, 1989.

Robert G. Forbes, Forcum and Forbes, Hartford City, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Following a jury trial in the Blackford Circuit Court Defendant–Appellant Lonnie K. Stephens was convicted of Attempted Rape, a Class B felony, and was sentenced to a term of twenty (20) years.

Two issues are presented in this direct appeal as follows:

1. preclusion of testimony based on the Rape Shield Statute; and

2. unreasonable imposition of the maxi-.mum sentence.

The facts show that on the evening of March 17, 1987, Stephens was drinking with his friend, Dave Stone. He asked Stone to drop him off at the victim's house trailer and Stone did so.

The victim was asleep on the couch when Stephens arrived, and her sister and brother-in-law were asleep in the guest room, which was a room off the kitchen. The victim's son and nephew were asleep in a bedroom off the hallway, along which hallway the bathroom was also located. The victim awoke to find Stephens standing in front of the door inside the trailer. She had fallen asleep without locking the door. He sat on the couch beside her and made sexual suggestions. She told him others were asleep in the trailer and called out for her sister. He stopped his advances momentarily but thereafter again attempted to force his intentions on her. After going down the hall to the bathroom area, Stephens returned and, in an angry manner, accused the victim of lying about her sister and brother-in-law being there. He then threw her on the couch and pressed his hand over her mouth to suppress a scream she was about to let out. He was on top of her, pressing his body against her, while he unfastened her bra and tore a button from her shirt. As he reached down to undo his trousers, the victim flipped him off of her and ran into the bedroom off the kitchen, shouting to wake her sister and brother-in-law. Stephens ran out the door and ran to the residence of his acquaintances, the Straits, who lived nearby.

Stephens told the Straits he had been at McHughs Pic Pac Food Store. He also told investigating Officer Allen Bell he had not been at the victim's trailer that night but had been at the Pic Pac. Stephen also told his friend Dave Stone to say if Stone was asked that he had dropped Stephens off at the Pic Pac. Stone testified at trial that he had let Stephens off at the Pic Pac but on cross-examination admitted he actually had let Stephens off at the victim's trailer and had previously said the Pic Pac because Stephens told him to say so.

At trial, Stephens asserted the defense of consent of the victim, claiming they had engaged in consensual sexual intercourse. He claimed the position used by them was vaginal intercourse by rear entry which he referred to as "doggy style." He claimed that while they were so engaged, he told her he had heard she enjoyed rear entry style intercourse and this made her so angry she pursued the attempted rape charges against him.

I

Stephens claims the trial court erred in excluding his proposed testimony regarding the victim's past sexual conduct and reputation. In an offer to prove during trial, Stephens would have testified that Tim and Drema Hall told Stephens they had participated in sexual partner switching in which the victim was involved and that she had the reputation of liking sexual intercourse "doggy fashion." Stephens claims that while he was having intercourse with her in that fashion, he told her this story and she became so angry she made him

stop and leave. He claimed her anger caused her to bring this criminal action against him.

Stephens now contends an exception to the Rape Shield Statute should be carved out to include *res gestae* statements. The statute referred to as the Rape Shield Statute, Ind.Code § 35–37–4–4, provides for three exceptions to the exclusion of reputation evidence of the past sexual conduct of a witness other than the accused. Those exceptions are: the victim's or witness' past sexual conduct with the defendant; evidence that shows a specific instance of sexual activity which would show some person other than the defendant committed the act in question; and evidence that the victim's pregnancy at the time of trial was not caused by the defendant. The statute further provides in § 35–37–4–4(c) that if a party proposes to offer evidence of an exception, a written motion must be filed at least ten (10) days before trial containing an offer of proof showing relevancy of the evidence in the case and accompanied by an affidavit in which the offer of proof is stated. Section (c) further provides that the court is to conduct a hearing and rule on the admissibility and form of the evidence at that time. Appellant did not follow that procedure here but attempted to offer the evidence at the time of trial. His contention that a proposed exception permitting *res gestae* statements is suspect because he claims it is his own statement that he made during the encounter and is denied by the victim. Obviously approval of such an exception would open the door for evading the statute entirely.

The purpose of the Rape Shield Statute is to shield the victims of sex crimes from general inquiry into their prior sexual conduct. *Lewis v. State* (1982), Ind., 440 N.E.2d 1125, 1129, *cert. denied* (1983), 461 U.S. 915, 103 S.Ct. 1895, 77 L.Ed.2d 284. If it appears to the court there may be a reason to admit evidence of the victim's past sexual conduct, the court's ultimate determination is reversible only upon abuse of discretion. *Munn v. State* (1987), Ind., 505 N.E.2d 782, 785. Stephens was permitted to testify that he

had a friendly relationship with the victim, that they were engaging in consensual sexual intercourse on that night, and that she became angry with him and forced him to stop. Considering the facts and circumstances here, we are unable to find an abuse of discretion in the trial court's ruling.

Stephens further contends violation of due process of law in the imposition of the Rape Shield Statute preventing him from testifying. He cites *Chambers v. Mississippi* (1973), 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297. *Chambers* concerned a murder trial wherein Chambers was not allowed to cross-examine one McDonald, who had confessed to the murder and whom Chambers had called as a witness, because Mississippi's common law "voucher" rule prohibited one from impeaching his own witness. Under the Mississippi rule, Chambers was not allowed to introduce the testimony of three witnesses to whom McDonald had confessed to the murder as the trial court had held that inadmissible hearsay. The *Chambers* Court held that the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interest in the criminal trial process. The Court further observed, however, "[t]he [voucher] rule rests on the presumption—without regard to the circumstances of the particular case—that a party who calls a witness 'vouches for his credibility.'" Such a rule "bears little present relationship to the realities of the criminal process." *Id.* at 295–96, 93 S.Ct. at 1046, 35 L.Ed.2d at 309. Appellant claims in the instant case that the refusal to permit his proposed testimony represented a similar mechanistic application of rules and prevented him from presenting relevant and probative evidence resulting in deprivation of due process of law.

We fail to see a parallel in the facts and circumstances of *Chambers* and the instant case. The purpose of the Rape Shield Statute was to prevent evidence such as that proposed by Stephens. Stephens' proposed testimony was not only evidence of the victim's past sexual conduct but was based

solely on his own statement and credibility supported by hearsay. It was also demonstrated by the evidence that Stephens gave several conflicting versions of the incident. Stephens fails to show a deprivation of due process of law.

## II

Finally, Stephens claims the imposition of the maximum sentence of twenty (20) years for a Class B felony was manifestly unreasonable in light of the nature of the offense and the character of the offender pursuant to Rule 2 of Ind.R.App.Rev.Sen.

■ Stephens bases this contention on the fact that the evidence showed there was no actual completion of the act of rape, that relatively little resistance was required from the victim to ward off the attack, and that according to the victim's testimony the closest Stephens ever came to actually completing the act was to start to unfasten his trousers. His reasoning is that to give the maximum sentence in a case with these facts is to violate a rational sentencing scheme that should punish more severely those who commit more heinous acts. *Fointno v. State* (1986), Ind., 487 N.E.2d 140, 148. Our standard of review of this issue has been clearly stated. We find a sentence to be manifestly unreasonable if no reasonable person could find the sentence appropriate to the offender. *Crisler v. State* (1987), Ind., 509 N.E.2d 822, 823. The trial court is given wide discretion in fixing the sentence upon conviction and will be reversed only if a manifest abuse of discretion is demonstrated. *Harris v. State* (1981), Ind., 425 N.E.2d 112, 117. We do not conduct a *de novo* review of the sentencing hearing and assess or reweigh the trial court's findings and conclusions regarding aggravating and mitigating circumstances so long as the sentences imposed were authorized by statute and the record discloses support for the trial court's finding of aggravating and mitigating circumstances. *Bish v. State* (1981), Ind., 421 N.E.2d 608, 620.

■ To comply with Ind.Code § 35–38–1–3, the trial court's statement of the reasons for the sentence imposed must identify all the significant mitigating and aggravating circumstances, state the specific reason why each circumstance is considered to be mitigating or aggravating, and articulate that the court evaluated and balanced the mitigating circumstances against the aggravating circumstances to determine if the mitigating circumstances offset the aggravating circumstances. *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1201; *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254.

■ In the instant case, the trial court found as aggravators that, as a juvenile in 1973 and in 1975, Stephens was found to be a delinquent for having committed the offenses of burglary; since having become an adult, Stephens had been convicted of disorderly conduct, conversion, criminal trespass, and battery, all misdemeanors; Stephens had previously been found guilty of the misdemeanor of battery which involved an aggressive and violent act; that in this cause of action, Stephens was convicted of attempted rape, an act of aggression; and that during the police investigation Stephens lied to police authorities in making statements on several occasions, said false statements being admitted to by Stephens at trial. The court found the only mitigator was the fact that Stephens provided support for his three minor children. He found the aggravating circumstances, particularly involving Stephens' past criminal record and his potential for aggressive behavior, greatly outweighed the mitigating circumstances in this action. He concluded Stephens should be sentenced to the enhanced term of twenty (20) years. We find no abuse of discretion in the trial court's determination of sentence here nor do we view the sentence as being manifestly unreasonable.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

The defense to this attempted rape charge was consent. Appellant testified that he and the victim were engaged in consensual sexual intercourse when the putative victim became angry at him and disengaged. According to the defense story, such anger was caused by something appellant said at the time, and the anger was so great that it caused the putative victim to bring a false charge of rape. Because the telling would constitute evidence of the victim's past sexual conduct, the exclusionary rule of the rape shield statute was applied so as to bar appellant from telling the jury what it was that he had said to her. I.C. 35–37–4–4(a)(1).

This situation is parallel to that in which a trial court is called upon to bar the production of evidence that would put the defendant in a place other than the place of the offense at the critical time. I.C. 35–36–4–1. A majority of this Court has held that where the defendant has failed to comply with the provisions of the alibi statute, the exclusionary rule of that statute may constitutionally be applied so as to prevent the defendant himself from testifying that he was at another place at the time of the crime. *Lake v. State* (1971), 257 Ind. 264, 274 N.E.2d 249. Two judges of this Court have held the position that the exclusionary rule may be applied so as to prevent the defendant from presenting witnesses and documentation for an alibi, but that it may not be applied so as to prevent the defendant himself from personally testifying and giving his exculpatory stories. *Bowen v. State* (1975), 263 Ind. 558, 567, 334 N.E.2d 691, 697 (concurring opinion of DeBruler, J., in which Prentice, J., concurred). The basis of this differing view is that the right of the accused to be heard in the tribunal is among the most sacrosanct and most essential to a fair determination of guilt. We were of the opinion that the right to be heard could not be forfeited in furtherance of a statute, the purpose of which was to protect the state from facing surprise defenses.

The situation here is quite similar. The purpose of the rape shield statute is a good and legitimate one. However, the defendant has the right to be heard in court and to give his version of the events upon which the state relies for conviction. Such right is, I believe, paramount in this situation, and the interest served by the rape shield statute must give way so as to permit the defendant to speak his piece under oath in front of the trier of fact with regard to the events transpiring at the time of the offense which serve the interests of the defense in any rational way. This proposed testimony of the defendant himself satisfies this test of rationality, even though it may be suspect and open the door to evasion of the statute as declared in the majority opinion.

I would hold that the trial court was in error when ruling that appellant could not testify and describe what he told the alleged victim at the time the offense was alleged to have been committed.

DICKSON, J., concurs.