Robert T. WILLIFORD, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 17A03–9012–CR–525.

Court of Appeals of Indiana,
Third District.

May 16, 1991.

C.C. Rhetts, Jr., DeKalb County Public Defender, Auburn, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Robert T. Williford appeals his conviction for dealing in marijuana, less than thirty (30) grams, within 1000 feet of school property, a class C felony,[1] raising two issues which we have consolidated as follows:

> Does the marijuana dealing statute require proof by the State that the prohibited activity was knowingly or intentionally conducted within one thousand (1000) feet of school property?

Holding that it does not, we affirm Williford's conviction.

At about 8:30 p.m. on August 28, 1989, Williford sold a quarter ounce of marijuana to an undercover police officer in the Four Crowns Tavern in Auburn, Indiana. He was promptly arrested, and was convicted of dealing marijuana pursuant to a jury trial. At trial, evidence was introduced that the tavern was within one thousand (1000) feet of the McIntosh Elementary School. No evidence was introduced that Williford knew of the tavern's proximity to the school. Although dealing in marijuana is normally a Class A misdemeanor, it may be enhanced to a Class C felony if it occurs within one thousand (1000) feet of school property.[2] Thus, Williford was sentenced to four years for the offense. He appeals.

---

1. IND.CODE 35–48–4–10 (1988).

2. Indiana Code 35–48–4–10 (1988) provides in relevant part:

Sec. 10. (a) A person who:
(1) knowingly or intentionally manufactures or delivers marijuana ..., pure or adulterated

Via pre-trial motion, Williford requested that the trial court rule on the following proposed jury instruction:

You are instructed that it is the law in Indiana that a person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so and a person engages in conduct "knowingly["] if, when he engages in the conduct, he is aware of a high probability that he is doing so.

If you are not convinced beyond a reasonable doubt that the defendant knowingly or intentionally delivered marijuana in an amount less than 30 grams within 1000' of school property then you should return a verdict of "not guilty."

Record, p. 24. The trial court ruled that the marijuana dealing statute "does not require that the person delivering marijuana act knowingly or intentionally with regard to being within 1,000 feet of school property (it is not required that the State of Indiana prove that the person delivering knew he or she was within 1,000 feet of school property or intended to be within 1,000 feet of school property)." Record, pp. 25–26. Williford again submitted the instruction immediately prior to trial, and the trial court again refused the instruction.

Before trial, the State submitted the following proposed jury instruction:

I instruct you that the State of Indiana is not required to prove the defendant was knowingly or intentionally within 1000 feet of school property at the time the marijuana was delivered.

Record, p. 35. The trial court accepted the instruction, and it was given as a preliminary and final instruction over the defendant's timely objection.

... commits dealing in marijuana ..., a Class A misdemeanor, except as provided in subsection (b).
(b) the offense is:
    \*   \*   \*   \*   \*   \*
(2) a Class C felony if:
    \*   \*   \*   \*   \*   \*
(B) the person delivered marijuana ... in or on school property or within one thousand

■ Williford contends on appeal that the trial court erred both in refusing his tendered instruction and giving the State's tendered instruction. In considering whether any error results from refusal of a tendered instruction, we consider 1) whether the tendered instruction correctly states the law, 2) whether there is evidence in the record to support giving the instruction, and 3) whether the substance of the instruction is covered by other instructions which are given. *Reinbold v. State* (1990), Ind., 555 N.E.2d 463, 466.

■ Conversely, if an instruction given by the court to the jury is erroneous such that it could mislead a reasonable juror as to the applicable law, reversal is warranted. *Hough v. State* (1990), Ind., 560 N.E.2d 511, 520. The relevant inquiry becomes whether the erroneous instruction by itself so infected the entire trial that the resultant conviction violates due process. *Id.*

■ Thus, it is our task to determine which of the tendered instructions correctly stated the law as to whether the State must prove that a defendant knowingly or intentionally was within one thousand feet of school property to support an enhanced sentence for dealing marijuana. This is a question of first impression in Indiana.

Indiana Code 35–48–4–10 was amended in 1987 to include an enhanced penalty when marijuana[3] is delivered[4] on school property, within one thousand feet of school property, or on a school bus. P.L. 296–1987, SEC. 11. The clear legislative intent was to increase the severity of drug offenses occurring on or around school property. *Berry v. State* (1990), Ind.App., 561 N.E.2d 832, 836. The statute resembles the federal "schoolyard statute," 21

(1000) feet of school property or on a school bus.

3. The statute also applies to delivery of hash oil or hashish.

4. "Delivery" is defined by statute as "the actual or constructive transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship." IC 35–48–1–11 (1988).

U.S.C. § 845a,[5] enacted in October 1984, which was "[d]esigned to 'send a signal to drug dealers that we will not tolerate their presence near our schools.'" *U.S. v. Falu* (2nd Cir.1985), 776 F.2d 46, 48, *quoting* 130 Cong.Rec. S559 (daily ed. January 31, 1984) (statement of Sen. Paula Hawkins).

Unlike some of our sister states, we are not fortunate enough to find the resolution of this issue in the explicit language of the statute itself.[6] However, we find assistance in cases from other jurisdictions which have undertaken the construction of similar statutes. *Falu, supra,* was the first to address the issue of whether the *mens rea* requirement in the federal controlled substance statute modified the school property requirement for enhancement of the penalty found in the federal schoolyard statute. Falu took an undercover police officer to his accomplice, who sold the officer a quantity of heroin. The transaction took place within 1000 feet of a school. As a result, Falu was convicted of aiding and abetting distribution of heroin within 1000 feet of a school. The United States Court of Appeals for the Second Circuit held that the schoolyard statute did not require proof that a defendant was aware that he was within the prohibited area when the drug transaction took place. The court noted that a contrary holding would undercut the "unambiguous legislative design" to create a drug-free zone around the schools. The court also observed that such a construction of the statute did not criminalize otherwise innocent activity, since the schoolyard statute incorporated the controlled substance statute which contained a *mens rea* requirement. *Falu, supra,* at 50. The court concluded:

> Although we are aware that some schools are not clearly recognizable as such from all points within the 1,000–foot radius, Congress evidently intended that dealers and their aiders and abettors bear the burden of ascertaining where schools are located and removing their operations from those areas or else face enhanced penalties.

*Id.*

*Falu* has been followed by the Sixth, Eighth, Ninth, and District of Columbia Circuit Courts of Appeals. *U.S. v. Cross* (6th Cir.1990), 900 F.2d 66; *U.S. v. Haynes* (8th Cir.1989), 881 F.2d 586; *U.S. v. Pitts* (9th Cir.1990), 908 F.2d 458; *U.S. v. Holland* (D.C.Cir.1987), 810 F.2d 1215, *cert. denied* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854.

The Fourth District Court of Appeal of Florida has held that Florida's similar statute does not require proof that the defendant was within the "drug-free zone" before he may receive an enhanced penalty. *State v. Burch* (1989), Fla.App., 545 So.2d 279, 281, *approved, Burch v. State* (1990), Fla., 558 So.2d 1, *rehearing denied.*[7]

Turning to our own statute, we hold that the same result is compelled in this case. Although it is incumbent upon the State to prove that a defendant knowingly or intentionally delivered marijuana in order to secure a conviction for dealing, the offense constitutes a Class C felony if the State shows that the delivery occurred within one

---

**5.** Section 845a(a) provided:

Any person who violates section 841(a)(1) of this title by distributing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school is (except as provided in subsection (b) of this section) punishable (1) by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title: and (2) at least twice any special parole term authorized by section 841(b) of this title for a first offense involving the same controlled substance and schedule.

Section 845a has since been incorporated into 21 U.S.C. § 860.

**6.** *See e.g.* NJSA 2C:35–7 and Utah Code Ann. § 58–37–8(5)(d), both providing that it is no

defense that the actor did not know that the controlled substance was being sold or purchased on or within 1000 feet of school property.

**7.** Florida's statute provides in relevant part:

(e) Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, a controlled substance in, on or within one thousand feet of the real property comprising a public or private elementary, middle or secondary school. Any person who violates this paragraph with respect to:

(1) A controlled substance named or described in section 893.03(1)(a), (1)(b), (1)(d),

thousand feet of school property, regardless of whether the defendant knew that he was within the "drug-free zone." Like the federal schoolyard statute, our statute does not allow a conviction for innocent conduct. *Mens rea* must be proven for a conviction for dealing; however, the penalty may be enhanced upon a showing of additional facts without proof of knowledge of those facts.

A similar result was reached in *Markley v. State* (1981), Ind.App., 421 N.E.2d 20, where this court addressed the issue of whether Indiana Code 35–42–2–1 required proof of *mens rea* as to the aggravating element of serious bodily injury for the offense of battery. Our Second District held that the aggravating circumstance of serious bodily injury increased the penalty for battery without proof of any culpability separate from the culpability required for the conduct elements of the offense. *Markley, supra,* at 21.

Williford argues that our holding does not further the intent of the legislature. He notes that Indiana Code 35–48–4–10 creates four categories of Class C felony drug offenders: 1) those who deliver more than ten pounds of marijuana or 300 grams of hash oil or hashish; 2) those who deliver marijuana, hash oil, or hashish in or on school property; 3) those who deliver marijuana, hash oil or hashish on a school bus; and 4) those who deliver marijuana, hash oil or hashish within 1000 feet of school property. IC 35–48–4–10(b)(2). He contends that the first three categories are "clearly vastly more culpable and more dangerous, to the public in general and to school children in particular" than the last, since they necessarily are aware of the aggravating factors involved. Members of the last category may not know that they are within 1000 feet of school property, thus (he argues) they should not be as severely sanctioned. He maintains that this is particularly true in this case, where

the transaction took place in a tavern at night after school hours where school children are almost certain not to be found.

His argument ignores the legislative intent to create a "drug-free zone" around the schools. A dealer's lack of knowledge of his proximity to the schools does not make the illegal drug any less harmful to the youth in whose hands it may eventually come to rest. Nor does the fact that the transaction occurred at a time and place where minors are unlikely to be present ensure that the narcotics will find their way out of the drug-free zone before they find their way into the bookbags, lockers and pockets of our schoolchildren. The intent of the legislature is clear: those who choose to deal drugs in the vicinity of our schools do so at their own peril.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.

---

(2)(a), or (2)(b) is guilty of a felony of the first degree....
    (2) A controlled substance named or described in section 893.03(1)(c), (2)(c), (3), or (4) is guilty of a felony of the second degree....

Florida Statutes, § 893.13(1)(e) (1987).