Alonzo CARSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9512–CR–716.

Court of Appeals of Indiana.

Oct. 14, 1997.

Rehearing Denied Nov. 19, 1997.

Michael R. Fisher, Indianpolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

KIRSCH, Judge.

Alonzo Carson (Carson) appeals his conviction of Involuntary Manslaughter and raises the following issues: [1]

I. Whether the trial court erred in instructing the jury on the use of deadly force in self-defense when the instructions did not inform the jury that a person may act in self-defense to prevent the commission of a forcible felony.

II. Whether the evidence was sufficient to support the judgment of the trial court.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The evidence most favorable to the conviction follows. Gary and Cary Ransom went to the home of Tracy Carson, Carson's 17-year-old niece, to recover two rings that Cary had given to Tracy. Carson was at Tracy's home during this incident. An argument ensued when Tracy refused to return one of the rings. Tracy locked herself in her bedroom and jumped out the window. Gary and Cary pursued, caught, and forcibly returned Tracy to her house. More arguing followed, and Tracy seized a steak knife from the kitchen and began waving it around. Carson took the knife from his niece. Tracy tried to call the police, but Cary prevented her from doing so, and she ran from the kitchen. When Cary turned to follow Tracy, Carson stabbed him in the back, causing his death. Both Cary and Gary were unarmed.

The State charged Carson with involuntary manslaughter for Cary Ransom's death. After a jury trial, Carson was found guilty, and this appeal ensued.

1. Carson also alleges the sufficiency of the trial court's sentencing statement. Because the jury instruction issue is dispositive, we do not address the sentencing statement.

## DISCUSSION AND DECISION

### I.

#### Jury Instruction

Carson argues that the trial court's instruction on the use of deadly force in self-defense was an incorrect statement of the law because it omitted the prevention of a forcible felony for the use of such force.

The State contends that Carson has waived the issue by failing to tender a correct instruction. The State is correct that a party who fails to tender a correct instruction waives any error regarding an incomplete or omitted instruction unless the error is fundamental. *See Clark v. State*, 561 N.E.2d 759, 764 (Ind.1990). The issue in this appeal, however, is not the trial court's failure to give an instruction or the giving of an incomplete one, both of which require the tender of a correct instruction; rather, it is whether the instruction which was given was an *incorrect* statement of the law. Carson is entitled to have the jury correctly instructed on an essential rule of law. *See Harvey v. State*, 652 N.E.2d 876, 877 (Ind.Ct.App.1995), *trans. denied.* If an instruction given by the court to the jury is erroneous such that it could mislead a reasonable juror as to the applicable law, reversal is warranted. *Williford v. State*, 571 N.E.2d 310, 311 (Ind.Ct.App.1991), *trans. denied; Hough v. State*, 560 N.E.2d 511, 520 (Ind.1990). The determinative question is whether the error by itself infected the entire trial such that the resulting conviction violates due process. *Williford*, 571 N.E.2d at 311. The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. *Fox v. State*, 497 N.E.2d 221, 225 (Ind.1986). Therefore, to preserve error for appeal, Carson need only have made a timely objection to the instruction; he was not required to tender his own corrective instruction. Carson made a timely objection,[2] and the issue is whether the instruction was a correct statement of the law.

2. Carson's timely objections to instruction 15g was as follows:
"THE COURT: Deadly force?
[DEFENSE COUNSEL]: See, I guess that's the problem I have, Judge. The statute talks about, he's justified in using deadly force if he

The trial court's instruction on the use of deadly force in self-defense is as follows:

"INSTRUCTION NO. 15g

A person may use deadly force *only* if he reasonably believes the force is necessary to prevent serious bodily injury or harm to himself or another.

The question of the existence of an apparent danger and the amount of force necessary to resist force, can only be determined from the standpoint of the defendant, at the time and under the then existing circumstances. The defendant may use such force as may reasonably be necessary to resist such attack or apparent attack. He will not be accountable for an error in judgement as to the amount of force necessary, provided he acted reasonably and honestly. One who was in no apparent danger and had no reasonable ground for apprehension of danger cannot raise this defense."

*Record* at 80. (Emphasis added).

■■■ Carson asserts that the first sentence of the instruction is an incorrect statement of the law because it omits prevention of a forcible felony as a justification for the use of deadly force. Carson is correct in his assertion. IC 35–41–3–2(a) states, in part, "a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or to a third person *or the commission of a forcible felony.*" (Emphasis added).

Instruction 15g was an incorrect statement of the law because it did not accurately state the law on the use of deadly force in self-defense, an essential aspect of Carson's defense. Thus, the incorrect instruction given to the jury over Carson's objection interfered with the formation of a just, fair, and correct verdict, consequently resulting in reversible error.[3]

---

reasonably believes that the force is necessary to prevent serious bodily injury to himself or a third person in the commission of a felony. And that particular instruction doesn't say that.

[PROSECUTOR]: Judge these are—

[DEFENSE COUNSEL]: Nor does the previous instruction say that.

[PROSECUTOR]: These are patterns [sic] instructions. They've been tested repeatedly by the courts in this state to cover self-defense. And Counsel is attempting to tender some revised version, which has not been tested, to fit his facts, I suppose. I don't think we can go wrong by instructing the jury—

THE COURT: No, I don't think we can go wrong with the pattern; however, he has a point. If the statute says something, we might want to add something too. What are you suggesting?

[DEFENSE COUNSEL]: The statute says, when necessary to prevent serious bodily injury to himself or a third person, or the commission of a felony.

[PROSECUTOR]: Well, the commission of a felony—this is not something that ought to be given here.

[DEFENSE COUNSEL]: Judge, I guess— guess it is here. It's in the first sentence. So, that's no problem. It says, a person may use deadly force to prevent the commission of a felony that involves the use or threat of force against a person—and I suppose that's a forcible felony. I guess we could change the—the—

    . . . .

[DEFENSE COUNSEL]: Yes. I—I object to the first sentence of that last instruction. And

it starts out, a person may use deadly force only if he reasonably believes the force is necessary. Is that the one you're talking about?

    . . . .

[DEFENSE COUNSEL]: I object to the first sentence there.

    . . . .

[PROSECUTOR]: Which sen—which instruction?

[DEFENSE COUNSEL]: It says, a person may use deadly force only if he reasonably believes that force is necessary to prevent serious bodily injury or harm to himself or another.

[PROSECUTOR]: It's an accurate statement of the law.

THE COURT: Is it a pattern instruction?

[PROSECUTOR]: Yes.

[DEFENSE COUNSEL]: Well, the problem is, it deletes part of the—

    . . . .

[DEFENSE COUNSEL]: It—it doesn't take into consideration part of the evidence of this case and that's the forcible felony part.

    . . . .

THE COURT: Well, we're coming to—something about a felony coming up. All right. I'm going to let that in if it's a pattern instruction. That would be 15–G."

*Record* at 1185–92.

3. The prosecuting attorney represented that Instruction 15g was an Indiana Pattern Jury Instruction to the trial court. It is not. Pattern Instruction No. 10.03(a) sets out the proper standard for the use of deadly force in self-defense:

  "A person is justified in using reasonable force against another person to protect himself or a

## II.

### *Sufficiency of the Evidence*

Next, we address the sufficiency of the evidence issue for double jeopardy purposes. Although double jeopardy bars retrial in cases for insufficient evidence, it does not bar retrial in cases of reversal for trial error. *Warner v. State,* 579 N.E.2d 1307, 1311 (Ind.1991) (citing *Burks v. United States,* 437 U.S. 1, 14–15, 98 S.Ct. 2141, 2148–49, 57 L.Ed.2d 1 (1978)). Carson does not challenge the sufficiency of the evidence to support the elements of involuntary manslaughter, and it is undisputed that Carson stabbed and killed Cary Ransom. Rather, Carson claims that the evidence supports the occurrence of a forcible felony which provides legal justification for Carson's actions.

Self-defense is recognized by the Indiana Code as a legal justification for the commission of an otherwise illegal act. IC 35–41–3–2. In order for a claim of self-defense to prevail, Carson must show that he was in a place he had a right to be, that he acted without fault, and that he was in a reasonable fear or apprehension of bodily harm, see *Brewer v. State,* 646 N.E.2d 1382, 1386 (Ind.1995), or preventing the commission of a forcible felony. IC 35–41–2–2(a). In addition, the amount of force Carson used must have been reasonable and used only with the belief that such degree of force was necessary. *Crisler v. State,* 509 N.E.2d 822, 823 (Ind.1987). The State need only disprove one of the elements of self-defense beyond a reasonable doubt for Carson's claim to fail. *Pointer v. State,* 585 N.E.2d 33, 36 (Ind.Ct. App.1992).

Here, Carson testified that he stabbed Ransom, who was unarmed, in the back. *Record* at 436, 780, 781, 1038. Further, evidence is conflicting as to whether Carson was hit or threatened by Ransom. Also, there is no evidence that Carson ever tried to contact the police before taking matters into his own hands. A jury could have

third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person *or the com-*

reasonably found that Carson was not justified in using deadly force. Accordingly, we conclude there is sufficient evidence of probative value to support the conviction. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995).

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

SULLIVAN, J., concurs.

FRIEDLANDER, J., dissents with separate opinion.

FRIEDLANDER, Judge, dissenting.

I agree with the majority that the instruction in question was defective because it did not include the statutory language, "or the commission of a forcible felony", when setting out the justifications for the use of deadly force. However, I respectfully dissent from the conclusion that Carson's conviction must be reversed because of the defective instruction.

Citing *Williford,* 571 N.E.2d 310, the majority correctly notes an erroneous jury instruction does not result in a *per se* mandate of reversal. Rather, reversal is warranted only if the defendant establishes that he was prejudiced by the error. *Lockhart v. State,* 609 N.E.2d 1093 (Ind.1993). In assessing prejudice resulting from an erroneous instruction, we look to the entire charge of which the instruction is a part to determine whether the jury was misled as to the law of the case. *Hill v. State,* 615 N.E.2d 97 (Ind. 1993). After reviewing the record, I am satisfied that the erroneous instruction did not result in prejudice to Carson.

In addition to Instruction No. 15g, two other instructions read to the jury addressed the subject of legal justification for using force while acting in self-defense. Those instructions stated:

*mission of a felony.* No person in this State shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary."
*Indiana Pattern Jury Instructions,* Criminal No. 10.03(a) (2d ed. 1991) (emphasis added).

### INSTRUCTION NO. 15f

A person may use reasonable force to defend himself against another's imminent use of illegal force. He must reasonably and honestly believe that force is necessary to resist attack. He cannot use excessive force or a disproportionate amount of force under the circumstances.

The question of the existence of an apparent danger and the amount of force necessary to resist force, can only be determined from the standpoint of the defendant, at the time and under the existing circumstances. The defendant may use such force as may reasonably be necessary to resist such attack or apparent attack. He will not be accountable for an error in judgment as to the amount of force necessary, provided he acted reasonabl[y] and honestly. One who was in no apparent danger and had no reasonable ground for apprehension of danger cannot raise this defense.

*Record* at 79.

### INSTRUCTION NO. 15h

Reasonable belief means such belief as an ordinary reasonable person would possess under all the existing circumstances and as viewed from the perspective of such person within the total set of circumstances existing in the particular case. Reasonable belief does not require that the danger perceived have actually existed, but only that it was reasonably perceived as existing under all the circumstances, including any particular knowledge possessed by the defendant. However, the reasonableness of the belief must be tested from the standpoint of a person of reasonable sensibilities, or being unreasonably excitable, or unreasonably lacking in perceptive abilities.

*Record* at 81.

Carson's defense consisted of the claim that he was justified in stabbing Cary Ransom because he was defending Tracy. I believe that, taken together, Instructions 15g, 15h, and 15f adequately informed the jury that it could acquit Carson if it found that he employed reasonable force in stabbing Ransom, based upon his reasonable belief that such was necessary to defend Tracy from an attack.

I perceive no prejudice and therefore would affirm the conviction.