DAVID, J.,
dissenting.
I would affirm the trial court. The sentence imposed by the trial court was not inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B).
Over one gram of cocaine and five grams of marijuana were found by a physician in a plastic bag hidden under Abbott’s scrotum. In addition, Abbott was arrested within 1000 feet of a school. Indiana Code section 35-48-4-6(b)(2) accordingly elevates Abbott’s Class D felony conviction of possession of cocaine to a Class B felony. I write to stress two important points about Abbott’s crime and sentence.
First, in Walker v. State, this Court held that a defendant’s presence in a school zone is a strict liability element. 668 N.E.2d 243, 244 (Ind.1996) (“[W]e can imagine an altogether rational reason the legislature might decide to write a statute with a strict liability punishment provision.”). It is clear that with this provision the legislature intended to deter drug activity from in and around schools and to give more discretion to law enforcement, prosecutors, and judges in combating the evils of drugs. As this Court has aptly stated, “ ‘[a] dealer’s lack of knowledge of his proximity to the schools does not make the illegal drug any less harmful to the youth in whose hands it may eventually come to rest.’ ” Id. at 244-45 (quoting Williford v. State, 571 N.E.2d 310, 313 (Ind.Ct.App.1991), trans. denied).
Second, although sympathy may arise when a defendant who commits a Class D felony suddenly finds himself facing a Class B felony sentence, the trial court here adequately justified the sentence imposed. Thus, I agree with the Court of Appeals conclusion that the nature of the offense and Abbott’s character “support[ ] the trial court decision to impose a twenty-year sentence.” Abbott v. State, 950 *1020 N.E.2d 357, 365 (Ind.Ct.App.2011). Specifically, in regards to Abbott’s offense, the Court of Appeals stated that “Abbott was found with a not insubstantial amount of cocaine and marijuana, along with plastic baggies that are commonly used to package illicit drugs for sale.” Id. at 364-65. The Court of Appeals also appropriately noted that “Abbott has ten convictions, including felony convictions for receiving stolen property, cruelty to an animal, and possession of cocaine.... Clearly, Abbott has not reformed his criminal behavior despite his numerous prior contacts with the criminal justice system.” Id. at 365.
For the foregoing reasons, I respectfully dissent.
DICKSON, J., concurs.