**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAMON SANTANA, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1306-CR-213 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1110-FB-91

**February 4, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Ramon Santana, Jr. appeals his convictions for rape, as a Class B felony, and criminal deviate conduct, as a Class B felony, following a jury trial. Santana raises a single issue for our review, which we restate as whether the trial court committed fundamental error when it prohibited Santana from introducing evidence of one of his victim's prior sexual encounters. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 16, 2011, L.C. fell asleep at a friend's house after several hours of drinking. At about 3:00 a.m., she awoke to find Santana raping her. L.C. recognized Santana because she had known him for "a couple years," he had a beard that she recognized, and she recognized his voice when he spoke to her while he raped her. Transcript at 65, 104. Santana penetrated L.C.'s vagina and anus. L.C. "passed out" during the assault. Id. at 81. When she awoke, she alerted her friend to what had happened and called police and an ambulance. L.C. immediately identified Santana to police as the perpetrator.

On September 15, the State charged Santana with rape, as a Class B felony, and criminal deviate conduct, as a Class B felony. On January 11, 2013, the court set the date of Santana's jury trial for April 22, 2013. On April 22, Santana for the first time filed a motion to admit evidence of L.C.'s past sexual conduct. Appellant's App. at 33. The trial court denied Santana's motion and granted the State's corresponding request to exclude L.C.'s past sexual conduct. The court then held Santana's jury trial, at which

2

L.C. testified. The jury found Santana guilty as charged, and the trial court entered its judgment of conviction and sentence accordingly. This appeal ensued.

## DISCUSSION AND DECISION

On appeal, Santana asserts that the trial court erred when it prohibited him from introducing evidence of L.C.'s past sexual conduct. But Santana has not preserved this issue for our review under Indiana Evidence Rule 412. Evidence Rule 412 "is intended to prevent the victim from being put on trial, to protect the victim against surprise, harassment, and unnecessary invasion of privacy, and, importantly, to remove obstacles to reporting sex crimes." Sallee v. State, 785 N.E.2d 645, 650 (Ind. Ct. App. 2003) (quotation omitted), trans. denied. Pursuant to Evidence Rule 412(c), evidence of a victim's sexual behavior is admissible only if the party that intends to offer that evidence files a motion with the trial court "at least ten (10) days before trial unless the court, for good cause, sets a different time." There is no question that Santana did not file his motion with the trial court at least ten days before trial and that the trial court did not set a different time for good cause shown. As such, Santana has not preserved this issue for our review. Id. at 651.

Although Santana recognizes in his appellant's brief that the fundamental error doctrine applies here, see Appellant's Br. at 10, nonetheless, in his reply brief Santana asserts that he did preserve this issue because the trial court still had the chance to hear his request before the jury was empaneled and because the State did not object to the trial court based on his otherwise untimely request. But we have rejected this argument

before. In <u>Graham v. State</u>, 736 N.E.2d 822, 826 (Ind. Ct. App. 2000), <u>trans. denied</u>, we stated that,

> [a]lthough [the defendant's failure to comply with the procedural mandate of Evidence Rule 412] was neither raised by the State at trial or on appeal nor formed the basis of the trial court's decision to exclude the evidence, we find that [his] procedural error is fatal to his attempt to introduce evidence [under the rule]. To hold otherwise would allow circumvention of the rule itself.

<u>See also</u> <u>Stephens v. State</u>, 544 N.E.2d 137, 139 (Ind. 1989) (rejecting the defendant's assertion that there should be an exception to the ten-day requirement under the Rape Shield Statute that permits "res gestae statements" because "approval of such an exception would open the door for evading the statute entirely"). And we are not persuaded by Santana's attempt to distinguish <u>Graham</u>. As in <u>Graham</u>, Santana's assertion that he preserved this issue for our review would allow criminal defendants to circumvent Evidence Rule 412(c) altogether and would undermine the Rule's purpose of protecting the victim in an alleged sex crime. <u>See</u> <u>Sallee</u>, 785 N.E.2d at 650. We will not allow that result. Santana has not preserved this issue for our review.

Although Santana has failed to preserve this issue for our review, we may still consider his argument under the fundamental error doctrine. As our Supreme Court has explained:

> A claim that has been waived . . . can be reviewed on appeal if the reviewing court determines that a fundamental error occurred. The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and

4

elementary principles of due process." This exception is available only in "egregious circumstances."

Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010) (citations omitted).

According to Santana, the trial court denied him his constitutional rights to present evidence and confront the witness when it prohibited him from introducing evidence that L.C. had engaged another man in oral sex the same night and in the same home in which Santana later raped her. The trial court did not commit fundamental error, if any error, when it prohibited Santana from introducing this evidence. Santana's bald assertion to the contrary, nothing about L.C.'s oral sex with another man was relevant to her unequivocal identification of Santana or the evidence regarding Santana's vaginal and anal penetration of L.C. We reject Santana's argument on appeal and hold that the trial court did not commit fundamental error when it did the same. Santana's convictions for rape, as a Class B felony, and criminal deviate conduct, as a Class B felony, are affirmed.

Affirmed.

BAKER, J., and CRONE, J., concur.