**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JERRY D. WHITE**
Michigan City, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JERRY D. WHITE, ) | |
| ) | |
| Appellant-Petitioner, ) | |
| ) | |
| vs. ) | No. 20A03-1306-PC-238 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Respondent. ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0701-FA-1

**July 9, 2014**

**OPINION ON REHEARING – NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Jerry D. White has petitioned for rehearing of our Memorandum Decision. *White v. State*, Cause No. 20A03-1306-PC-238 (Ind. Ct. App. Mar. 31, 2014). The State has not filed a response. We grant rehearing to address an issue we previously deemed waived but affirm our Memorandum Decision in all other respects.

White's petition repeats the issues that the Court addressed and disposed of in the Memorandum Decision. For the most part, none of his claims on rehearing merit discussion.

However, one point deserves consideration. The Court deemed one of White's claims to be waived because he raised it for the first time on appeal. *Id.* at 8, fn. 8. Specifically, White claimed that the jury instruction on self-defense misstated the law, and trial counsel rendered ineffective assistance by failing to object. He argues on rehearing that the Court should consider this claim despite waiver because it is a matter of fundamental error.

Whether White may raise fundamental error at this point is arguable. In any event, we will discuss the merits of this ineffective assistance claim. To succeed on a claim that counsel was ineffective for failure to object, the defendant must demonstrate that if such an objection had been made, the trial court would have had no choice but to sustain it. Johnson v. State, 832 N.E.2d 985, 1000 (Ind. Ct. App. 2005), trans. denied.

The jury instruction on self-defense provided as follows:

> It is an issue whether the Defendant acted in self-defense.
>
> A person may use reasonable force against another person to protect himself from what the Defendant reasonably believes to be the imminent use of unlawful force.

2

A person is justified in using deadly force, and does not have a duty to retreat, only if he reasonably believes that deadly force is necessary to prevent serious bodily injury to himself. However, a person may not use force if any of the following exist:

a. he is committing a crime that is directly and immediately connected to the confrontation between the Defendant and another.

b. he provokes a fight with another person with intent to cause bodily injury to that person.

c. he has willingly entered into a fight with another person or started the fight, unless he withdraws from the fight and communicates to the other person his intent to withdraw and the other person nevertheless continues or threatens to continue the fight.

The State has the burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense.

Appellant's Supp. App. p. 64. White argues that this instruction is legally incorrect because it should have stated that he may use deadly force, without a duty to retreat, if necessary to prevent serious bodily injury to himself "or the commission of a felony." Appellant's Br. p. 8. A panel of this Court has concluded that omitting a reference to "commission of a felony" in an instruction on self-defense is a misstatement of the law. Carson v. State, 686 N.E.2d 864, 866 (Ind. Ct. App. 1997), trans. denied.

Nevertheless, any error in the giving of an instruction is harmless where the conviction is clearly sustained by the evidence and the instruction would not likely have impacted the jury's verdict. Patton v. State, 837 N.E.2d 576, 581 (Ind. Ct. App. 2005). In this case, White did not argue in his Appellant's Brief that the erroneous instruction affected the jury or otherwise rendered his conviction unfair.

3

At his original trial, White claimed he shot Lathie Turnage because he saw Turnage rushing at him and thought Turnage was about to hurt him. Whether one describes Turnage's action as a threat of "serious bodily injury" or as a threat to commit "a forcible felony" is of little importance, because the jury rejected White's version of events either way. It is highly unlikely that inserting the phrase "commission of a forcible felony" would have affected the jury's verdict that he was guilty of attempted murder. Thus, any error in the instruction was harmless, and it cannot be concluded that counsel was ineffective for failing to object.

We grant White's petition for rehearing but affirm our prior decision.

BARNES, J., and CRONE, J., concur.