UNITED STATES of America,
Plaintiff–Appellee,

v.

Jerry THORNTON,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Frederick JONES, aka Freddy Earl Jones, Defendant–Appellant.

Nos. 89–50195, 89–50230.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 1990.

Decided April 13, 1990.

Mary F. Gibbons, North Hollywood, Cal., for defendants-appellants.

Brenda K. Sannes, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CANBY, KOZINSKI and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Freddie Earl Jones appeals from his conviction for distributing a controlled substance within 1,000 feet of an elementary school in violation of 21 U.S.C. §§ 841(a)(1) and 845a. Jerry Thornton appeals from his conviction for aiding and abetting that distribution in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 845a. Jones and Thornton claim the district court erred in denying their motion to dismiss the indictment on the grounds that 21 U.S.C. § 845a violates their constitutional rights to equal protection and due process, and constitutes an impermissible exercise of federal legislative authority. We review these constitutional issues de novo, *see United States v. Savinovich*, 845 F.2d 834, 839 (9th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988), and we affirm.

## DISCUSSION

Section 841(a)(1) makes it unlawful to distribute a controlled substance, and section 845a imposes an enhanced penalty if that distribution occurs within 1,000 feet of any school, college, or university.[1] The indictment and convictions in this case arose from Jones' sale of a PCP-dipped cigarette to two undercover police officers at his residence located approximately 520 feet from an elementary school. In accordance with section 845a, both Jones and Thornton were sentenced to twenty-seven and twenty-one months of incarceration, respectively, followed by six years of supervised release.

### I. Equal Protection

Jones and Thornton argue that section 845a violates their rights to equal protection because it is both overinclusive and underinclusive. It is underinclusive because "[t]ransactions posing danger to schoolchildren may well occur beyond the 1,000 demarcation, [or] at or near a facility frequented by children but not mentioned in the statute." Appellant's Opening Brief at 7. It is overinclusive because "a transaction occurring within the 1,000 foot zone

---

1. At the time the defendants were indicted, section 845a(a) provided:

 Any person who violates section 841(a)(1) ... by distributing ... a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university is ... punishable (1) by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a term of imprisonment under this subsection shall not be less than one year.

 21 U.S.C. § 845a(a) (Supp. V 1987).

may well not involve schools or children at all." *Id.*

Section 845a does not proscribe legally protected or "fundamental" activities, nor does the legislative classification of drug sales within 1,000 feet of a school implicate a "suspect class." Accordingly, we are limited to an inquiry into whether the legislative classification under 21 U.S.C. § 845a is irrational or unreasonable. *See Savinovich,* 845 F.2d at 839; *United States v. Klein,* 860 F.2d 1489, 1500–01 (9th Cir. 1988) (enhanced penalty under 21 U.S.C. § 841(b)(1)(B) based on quantity of drugs possessed reviewed under rational basis test).

The legislative purpose of section 845a was to help reduce drug use by children by "sending a signal to drug dealers that we will not tolerate their presence near our schools." 130 Cong.Rec. S559 (daily ed. January 31, 1984) (statement of Sen. Hawkins). Certainly, the congressional goal of reducing the availability and hence the use of drugs by school children is rationally achieved by increasing the penalties for those who sell drugs near schools. *Accord United States v. Holland,* 810 F.2d 1215, 1219 (D.C.Cir.), *cert. denied,* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987); *United States v. Agilar,* 779 F.2d 123, 125 (2d Cir.1985), *cert. denied,* 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986).

We are not persuaded by the argument section 845a is unconstitutionally overinclusive because it applies to drug transactions which may not involve children, as in the case of a sale to an adult in a private residence. "The consequences of such transactions inevitably flow from inside the dwellings onto the streets and contribute directly to the violent and dangerous criminal milieu Congress sought to eliminate in the proximity of schools." *Holland,* 810 F.2d at 1219. Similarly, even though section 845a may be underinclusive in that it does not proscribe drugs sales in all areas frequented by children, "equal protection of the laws does not require Congress in every instance to order evils hierarchically according to their magnitude and to legislate against the greater before the lesser."

*Savinovich,* 845 F.2d at 839 (quoting *Holland,* 810 F.2d at 1219). Accordingly, Jones' and Thornton's equal protection challenge to section 845a must fail.

## II. Due Process

■ We also reject the defendants' argument that section 845a violates the due process clause because it creates an impermissible irrebutable presumption that all sales of drugs near schools are per se dangerous and threatening to children. The defendants claim they should be entitled to rebut the presumption of harm and thus avoid the enhanced penalty.

The legislative presumption of section 845a is not an impermissible factual presumption upon which the trier of fact can predicate *guilt. Compare Leary v. United States,* 395 U.S. 6, 12, 89 S.Ct. 1532, 1535, 23 L.Ed.2d 57 (1969) (statutory presumption of unlawful importation upon proof of possession violates due process); *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) (statutory presumption that firearm was unlawfully received in interstate commerce upon proof of possession unconstitutional). Rather, section 845a provides that if the drug transaction made illegal by section 841 took place within 1,000 feet of a school, the *punishment* for such offense will be enhanced. Hence, the fact presumed by 845a, that drug sales near schools injure children and are thus deserving of more punishment, is one already decided by Congress as a matter of law. As the court noted in *Holland,* "[t]he standards announced in *Tot* and *Leary* for reviewing legislatively established presumptions were not intended to apply to a review of the congressional determinations of appropriate punishment." 810 F.2d at 1221.

This conclusion is supported by *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), wherein the Supreme Court upheld the constitutionality of Pennsylvania's Mandatory Minimum Sentencing Act, 42 Pa.Cont.Stat. § 9712 (1982). Section 9712(a) imposed a mandatory minimum term of imprisonment if the sentencing judge found by a preponderance

 

of the evidence that the person visibly possessed a firearm while committing the offense of conviction. The Court upheld the Act, stating it "creates no presumptions of the sort condemned in ... *Tot* ... [n]or does it relieve the prosecution of its burden of proving guilt." 477 U.S. at 87, 106 S.Ct. at 2417. While *McMillan* is distinguishable in that section 845a incorporates the sentencing enhancement element into the underlying offense, its conclusion that *Tot* does not apply to a legislative determination that certain acts justify a sentence enhancement is equally applicable here. *See Holland,* 810 F.2d at 1222.

While not all drug sales near schools will directly injure children, the law does "not require that the means chosen by Congress to deal with a problem score a notable success in every application of the statute." *Agilar,* 779 F.2d at 125. It is sufficient that section 845a is a rational means of reducing the availability of drugs to school children. Accordingly, section 845a does not violate due process.

*III. Federal Legislative Power*

██ Finally, Jones and Thornton argue the protection of children is primarily a local or intrastate concern, and thus section 845a is outside the scope of proper federal legislative action. We disagree.

Congress is empowered by the commerce clause, article I, section 8 of the Constitution, to enact criminal legislation as long as the proscribed activity has an effect on interstate commerce. *Perez v. United States,* 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). In *United States v. Montes–Zarate,* 552 F.2d 1330 (9th Cir. 1977), *cert. denied,* 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978), we held that section 841(a) was a constitutional exercise of federal legislative power and that the interstate requirement was fulfilled even where the distribution at issue was wholly intrastate: " '[c]ongressional findings on which the legislation rested disclosed that intrastate possession, distribution and sale

of drugs ... directly and injuriously effected the introduction of them into other States to the injury of the public health and welfare there. 21 U.S.C. §§ 801, 812.' " *Id.* at 1331 (quoting *United States v. Atkinson,* 513 F.2d 38, 39–40 (4th Cir.1975)).

Section 845a is identified as a "penalty" for persons who violate section 841(a) while on or near school grounds. Congress has stated and we have confirmed that drug trafficking is a national concern which affects interstate commerce. This is true wherever it occurs, whether it be on or near a schoolyard or elsewhere. The fact that Congress also sought to protect children from the sale of drugs will not render unconstitutional its otherwise constitutional efforts to regulate drug trafficking. Accordingly, we find that section 845a represents a constitutional exercise of federal legislative power.

AFFIRMED.