Janet M. Keating, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.

**William Jefferson WALKER,
Petitioner–Appellant,**

v.

**B.D. GOLDSMITH, Robert Corbin,
Respondents–Appellees.**

**No. 89–15343.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1990.

Decided May 2, 1990.

Before FLETCHER, PREGERSON and NELSON, Circuit Judges.

PER CURIAM:

Petitioner, an Arizona state prisoner, appeals the district court's summary denial of habeas relief. Walker argues that his sixth amendment right to a jury that represents a fair cross section of the community and his fourteenth amendment right to equal protection were violated because the venire pool from which his trial jury was selected did not include those whose surnames began with the letters "W," "X," "Y," and "Z". Walker also argues that the venire system employed in his case violated Ariz.Rev.Stat. §§ 21–301 A and 21–313. We affirm the district court's order because there is no evidence that surnames beginning with the letters W through Z constitute a cognizable and distinctive class within the community.

Walker was tried before a jury in the Arizona Superior Court for Pima County. He was convicted of aggravated assault and leaving the scene of an accident on September 30, 1983. He was sentenced to 10 years imprisonment. On May 1, 1987, Walker petitioned the Pima County Superior Court for post-conviction relief based on the failure to include those with surnames beginning with the letters W through Z in the venire from which his trial jury had been selected. Walker contended that this group constituted a recognizable and distinct class.[1]

---

**1.** Walker's contention that this group is a recognizable and distinct class is based on a survey by Dr. Trevor Weston. *See* Autry & Barker, *Academic Correlates of Alphabetical Order of*

*Surname,* 8 J. Sch. Psychology 22, 22 (1970). Weston claims that those whose surnames begin with the letters S through Z are 50% more likely

The Pima County Superior Court refused to recognize that those with surnames beginning with the letters W through Z constitute a cognizable class. The court denied Walker's petition. The Arizona Court of Appeals denied his petition for review. After the Arizona Supreme Court denied certiorari, Walker petitioned for habeas relief in federal district court. The petition was summarily denied. We have jurisdiction under 28 U.S.C. § 2254. We review de novo a district court's denial of a habeas petition. *Jessup v. United States Parole Comm'n*, 889 F.2d 831, 834 (9th Cir.1989).

Walker must establish that those persons with surnames beginning with the letters W through Z are a "recognizable, distinct class, singled out for different treatment under the laws, as written or as applied," as a first step in establishing his claim that the Pima County venire system violated his right to equal protection. *Castaneda v. Partida*, 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977). He fails to do so.

A recognizable and distinct class for the purposes of jury selection is one "which, in some objectively discernible and significant way, is distinct from the rest of society, and whose interests cannot be adequately represented by other members of the ... jury panel." *United States v. Potter*, 552 F.2d 901, 904 (9th Cir.1977). Persons whose surnames begin with the letters W through Z do not constitute such a class in this case. *See United States v. Puleo*, 817 F.2d 702, 706 (11th Cir.) (persons whose surnames begin with the letters M through Z found not to constitute a distinct class), *cert. denied*, 484 U.S. 978, 108 S.Ct. 491, 98 L.Ed.2d 489 (1987); *Krause v. Chartier*, 406 F.2d 898, 901 (1st Cir.1968) (no prejudice found to result from venire consisting entirely of persons with surnames beginning with the letters T through Z), *cert. denied*, 395 U.S. 960, 89 S.Ct. 2102, 23 L.Ed.2d 747 (1969).

The district court's order is thus AFFIRMED.

to develop a condition called "alphabetic neurosis" than are those whose surnames begin with