**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony W. PITTS,**
**Defendant–Appellant.**

**No. 89–30189.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1990.

Decided July 10, 1990.

Mary E. Schultz, Spokane, Wash., for defendant-appellant.

Stephanie J. Johnson, Thomas O. Rice, Asst. U.S. Attys., Spokane, Wash., for plaintiff-appellee.

Before WRIGHT, POOLE and BRUNETTI, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Anthony Pitts makes a number of arguments challenging the constitutionality of the statute that enhances criminal penali-

ties for selling drugs within 1,000 feet of a school. We find the statute constitutional.

## BACKGROUND

Pitts sold .5 grams of cocaine to a government informant. After he was indicted for possession with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. § 845a(a), he moved to dismiss the charge, contending that the statute violated the Equal Protection and Due Process Clauses of the Constitution. The district court denied the motion and Pitts pleaded guilty conditionally.

Section 845a(a) enhances the penalty for knowingly and intentionally distributing a controlled substance within 1,000 feet of a school. It states in relevant part:[1]

> Any person who violates section 841(a)(1) ... by distributing, possessing with intent to distribute, or manufacturing a controlled substance *in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university* ... is ... punishable (1) by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. (emphasis added)

## I. EQUAL PROTECTION

"The Equal Protection Clause provides a basis for challenging legislative classifications that treat one group of persons as inferior or superior to others, and for contending that general rules are being applied in an arbitrary or discriminatory way." *Jones v. Helms,* 452 U.S. 412, 423–24, 101 S.Ct. 2434, 2442, 69 L.Ed.2d 118 (1981). A statute is subject to the heightened scrutiny of equal protection analysis when it prohibits activities that are protected legally and involves a legally cognizable suspect class. *United States v. Holland,* 810 F.2d 1215, 1218–19 (D.C.Cir.), *cert. denied,* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987) (section 845a(a) not subject to heightened scrutiny of equal protection analysis). We will uphold a non-suspect classification if "any state of facts rationally justifying it is demonstrated to or perceived by the court[ ]." *Id.* at 1219 (quoting *United States v. Maryland Savings–Share Ins. Corp.,* 400 U.S. 4, 6, 91 S.Ct. 16, 17–18, 27 L.Ed.2d 4 (1970)).

Before we review any statute for an equal protection violation, however, the challenger must demonstrate that it classifies persons in some manner. *See* Rotunda, Nowak & Young, Treatise on Constitutional Law: Substance and Procedure § 18.4. A statute may "on its face" classify persons for different treatment. It may also be "applied" in a manner that creates a classification, although it appears neutral "on its face."[2] *Id.*

### A. Facial Challenge

Pitts argues that on its face section 845a(a) violates equal protection principles. He contends that the classification of persons who sell drugs within 1,000 feet of a school is not rationally effectuated by Congress' purpose for the statute.

This facial challenge is foreclosed by our decision in *United States v. Thornton,* 901 F.2d 738 (9th Cir.1990). There, we upheld

---

1. Pitts contends that he may challenge the 1988 amendment to section 845a(a). That amendment enhances the penalty for distributing or manufacturing a controlled substance within 100 feet of a playground, public or private youth shelter, public swimming pool, or video arcade facility. "A defendant cannot claim a statute is unconstitutional in some of its reaches if the statute is constitutional as applied to him." *United States v. Kidder,* 869 F.2d 1328, 1335 (9th Cir.1989) (quoting *United States v. Zavala–Serra,* 853 F.2d 1512, 1517 (9th Cir.1988)). Because the statute is constitutional as applied to Pitts,

he may not challenge the constitutionality of the 1988 amendment.

2. There is a third method of establishing a classification in which the challenger alleges that in reality the statute is a device designed to impose different burdens on different classes of persons. It is exemplified by *Washington v. Davis,* 426 U.S. 229, 242–48, 96 S.Ct. 2040, 2048–52, 48 L.Ed.2d 597 (1976), and *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 264–68, 97 S.Ct. 555, 562–65, 50 L.Ed.2d 450 (1977), and is not applicable here.

the classification and found that Congress' goal of "reducing the availability and hence the use of drugs by school children is rationally achieved by increasing the penalties for those who sell drugs near schools." *Id.* at 740; *see also Holland,* 810 F.2d at 1219; *United States v. Agilar,* 779 F.2d 123, 125 (2d Cir.1985), *cert. denied,* 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986). We found also that section 845a(a) was not unconstitutionally overinclusive or underinclusive as Pitts contends.[3] *Thornton,* 901 F.2d at 740.

### B. *As Applied Challenge*

 Pitts contends that "applying section 845a(a) to the topography of Spokane classifies the entire city as a school zone." He argues that this "classification" violates the Equal Protection Clause because it is not rationally related to Congress' goal of protecting school children from drugs.

We do not consider if such a classification would be rationally related to Congress' goal of protecting school children because Pitts has failed to present evidence of a classification. He must prevent evidence that section 845a(a) "is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances." *Yick Wo v. Hopkins,* 118 U.S. 356, 373–74, 6 S.Ct. 1064, 1073, 30 L.Ed. 220 (1886); *United States v. Steele,* 461 F.2d 1148, 1151 (9th Cir.1972).

He offers as evidence that 80% of Spokane is within 1,000 feet of a school or within 100 feet of a park or video arcade.[4] He fails to present, however, any evidence of a public authority applying the statute with an unequal hand that discriminates among persons in similar circumstances. Without evidence of how section 845a(a) has been applied to persons, we cannot find a classification.[5] *Cf. Castaneda v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977) (to show equal protection violation in grand jury selection first step is to establish a recognizable and distinct group singled out for different treatment) (citing *Hernandez v. Texas,* 347 U.S. 475, 478–79, 74 S.Ct. 667, 670–71, 98 L.Ed. 866 (1954)); *Walker v. Goldsmith,* 902 F.2d 16, 16 (9th Cir.1990) (petitioner failed to show persons with surnames beginning with W through Z were a distinct and recognizable class).

### C. *Selective Prosecution*

Pitts argues that prosecutors have unlawful discretion to charge a suspect selling drugs under either section 845a(a) or 841(a)(1). This argument has no merit.

Prosecutors have wide discretion in deciding whether or not to prosecute and what charge to file or bring before a grand jury. *United States v. Kidder,* 869 F.2d 1328, 1335 (9th Cir.1989) (citing *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct.

**3.** Pitts argues also that it is "impractical" to serve Congressional intent with strict zone designations and that a provision preventing drug sales in the presence of or connected to children would better serve that intent. Even if this argument were true, it fails because the government need not employ the least restrictive, most effective or wisest means to achieve its legitimate goals. *Jones,* 452 U.S. at 425–26, 101 S.Ct. at 2443.

**4.** Although Pitts alleges that 80% of the city falls within 1,000 feet of a school or within 100 feet of a park or video arcade, this evidence is flawed. He erroneously included parks and video arcades in his calculation. Because he has no standing to challenge the 1988 amendment to section 845a(a), *see, supra, note 1,* he may not include these in his percentage. He may also have erroneously included daycare

centers and preschools in his figure. Section 845a(a) applies only to "a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university." This may not include daycare centers or preschools.

**5.** He also argues that the statute was applied arbitrarily to him because the drug transaction occurred between consenting adults at night in a private residence with no children present and with no danger to them. This is not evidence of "arbitrary" application of the statute. General rules applied even-handedly to all persons unquestionably comply with equal protection. *Jones,* 452 U.S. at 423, 101 S.Ct. at 2442. Nothing in Pitts' argument or the record suggests the statute was enforced against him any differently than it was against anyone else engaged in the same conduct. *See id.*

1524, 1530, 84 L.Ed.2d 547 (1985)). We have said:

> "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as the "selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification."

*Id.* at 1335 (quoting *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978)).

Pitts has shown that the statute may apply to 80% of the area in Spokane and that some persons may be charged under section 841 and others under section 845a(a). He has presented no evidence that he or anyone else was selected for prosecution under section 845a(a) on the basis of an impermissible ground such as race or religion, or for the exercise of a constitutional right. *See Kidder,* 869 F.2d at 1336. Nor has he shown that the government had a discriminatory motive for prosecuting him under section 845a(a). *See Steele,* 461 F.2d at 1151–52 (defendant presented evidence of inference of discriminatory prosecution).

Pitts' equal protection challenges fail.

## II. DUE PROCESS

### A. *Lack of Knowledge Requirement*

■ Pitts says that section 845a(a) violates the Due Process Clause because it does not require the prosecution to prove that the accused had actual knowledge of the proximity of a school. He contends that without an actual knowledge requirement, the statute fails to provide fair notice that such conduct is subject to enhanced penalities. Three other circuits have rejected this argument. *See United States v. Haynes,* 881 F.2d 586, 590 (8th Cir.1989); *Holland,* 810 F.2d at 1223; *United States v. Falu,* 776 F.2d 46, 50 (2d Cir.1985).

After acknowledging that "criminal offenses requiring no *mens rea* have 'a generally disfavored status' ", the Second Circuit in *Falu* noted that "Congress can dispense with this requirement." 776 F.2d at 49 (citing *Liparota v. United States,* 471 U.S. 419, 105 S.Ct. 2084, 2087–88, 85 L.Ed.2d 434 (1985)). The court then examined the language and legislative history of section 845a(a) to determine if Congress intended to dispense with this requirement. It found that the statute did not contain an express mens rea requirement for the proximity of the offense and that the legislative history indicated an unambiguous intent to deter drug distribution in and around schools. It determined that requiring a mens rea element would undercut that purpose. *Falu,* 776 F.2d at 49–50.

Finally, the court noted that the statute did not criminalize otherwise innocent activity because it incorporated section 841(a)(1). *Id.* That statute required the mens rea element of knowingly or intentionally distributing a controlled substance. The court concluded:

> Anyone who violates section 845a(a) knows that distribution of narcotics is illegal, although the violator may not know that the distribution occurred within 1,000 feet of a school. In this respect, the schoolyard statute resembles other federal criminal laws, which provide enhanced penalties or allow conviction for obviously antisocial conduct upon proof of a fact of which the defendant need not be aware.

*Id.* at 50 (citing *United States v. Feola,* 420 U.S. 671, 684, 95 S.Ct. 1255, 1263, 43 L.Ed.2d 541 (1975) (offense to assault federal officer regardless of defendant's knowledge of victim's identity) (other citations omitted)).[6]

We adopt this reasoning.

### B. *Irrebuttable Presumption*

Pitts argues that section 845a(a) violates due process because it creates an irrebuttable presumption that all narcotics sales near a school have a detrimental effect on

---

**6.** Pitts recognizes that certain public welfare offenses do not require an intent showing but argues that section 845a(a) does not fulfill the requirements of such a statute. In *Holland,* the court found that section 845a(a) met those requirements. 810 F.2d at 1223–24. We agree.

children. We have rejected this argument. *Thornton,* 901 F.2d at 740–41.

AFFIRMED.