56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Saul CARRILLO-COLORADO, Defendant-Appellant.
 No. 94-30342.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Saul Carrillo-Colorado appeals his guilty plea conviction for illegal re-entry into the United States in violation of 8 U.S.C. Secs. 1326(a) and (b)(1). Carrillo-Colorado contends that the district court erred first, by denying his motion to withdraw his guilty plea; second, by denying his request for presentence reports from unrelated defendants; and third, by not sua sponte finding vindictive prosecution. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Saul Carrillo-Colorado contends that he should be allowed to withdraw his guilty plea because he was unfairly denied the benefit of changes in the government's plea bargaining policy which became effective after the date he entered his agreement. The government's new policy allows defendants charged with violating Secs. 1326(a) and (b)(1) to plead to a Sec. 1326(a) violation if the defendants do not file motions, forego trial, and agree to waive appeal. The benefit of the policy is that Sec. 1326(a) has statutory maximum sentence of two years imprisonment, while Sec. 1326(b)(1) has a five year statutory maximum.
 
 
 4
 Carrillo-Colorado argues that other defendants similarily situated were allowed to withdraw their guilty pleas and benefit from the new policy. He asserts the government's opposition to the withdrawal of the plea constituted selective prosecution. In a written opinion denying his motion for plea withdrawal, the district court found that Carrillo-Colorado had not sufficiently proved that the government had intentionally discriminated against him or treated him in an arbitrary or capricious manner.
 
 I. Withdrawal of Guilty Plea
 
 5
 We review for abuse of discretion the district court's denial of a Fed. R. Crim. P. 32(d) motion to withdraw a guilty plea. United States v. Oliveros-Orosco, 942 F.2d 644, 645-46 (9th Cir. 1991). The defendant has no right to withdraw a guilty plea; rather, the defendant bears the burden of showing a fair and just reason for withdrawal. Fed. R. Crim. P. Rule 32(d); United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir. 1987).
 
 
 6
 Here, Carrillo-Colorado was afforded the full benefit of his plea agreement. The plea agreement reduced his possible term of imprisonment from a 15 year statutory maximum, and a Sentencing Guidelines range of 100-125 months, down to a 5 year maximum sentence. The government's new plea bargaining policy was instituted almost two months after Carrillo-Colorado entered his plea of guilty. He could not have availed himself of a policy that was nonexistent when his plea agreement was consummated. Accordingly, Carrillo-Colorado benefitted substantially from his plea agreement, and thus, fails to show that there is a fair and just reason to allow the withdrawal of his guilty plea. See Rios-Ortiz, 830 F.2d at 1069.
 
 
 7
 Moreover, Carrillo-Colorado failed to establish that the government engaged in selective prosecution. To establish selective prosecution, a defendant must show both that the prosecutorial selection had a discriminatory effect, and that it was motivated by a discriminatory purpose. United States v. Davis, 36 F.3d 1424, 1432 (9th Cir. 1994); United States v. Redondo-Lemos, 27 F.3d 439, 444 (9th Cir. 1994). "Prosecutors have wide discretion in deciding whether or not to prosecute and what charge to file or bring before a grand jury." United States v. Pitts, 908 F.2d 458, 460 (9th Cir. 1990). A district judge is required to "accord a presumption of constitutionality to prosecutorial decisions, and to approach the inquiry with appropriate respect for the judgments exercised by officers of a coordinate branch of government." United States v. Redondo-Lemos, 27 F.3d 439, 444 (9th Cir. 1994).
 
 
 8
 Carrillo-Colorado has failed to show either discriminatory effect or intent by the government with regard to their decision to charge him with a violation of Sec. 1326(a) and (b)(1). The district court determined that no other defendants with similar circumstances, i.e., who had filed pretrial motions, were afforded the benefit of the new bargaining policy. Moreover, Carrillo-Colorado provided no evidence suggesting that the government knew a policy change was imminent, and purposefully withheld the information prior to his entering a guilty plea. Thus, even had there existed other cases indicating a discriminatory effect, Carrillo-Colorado fails to sufficiently show the government had a discriminatory purpose for prosecuting him under Secs. 1326(a) and (b)(1). See Redondo-Lemos, 27 F.3d at 444. Accordingly, because Carrillo-Colorado failed to show the government engaged in selective prosecution, the district court did not abuse its discretion in denying his motion to withdraw his guilty plea. See Rios-Ortiz, 830 F.2d at 1069.
 
 II. Production of Presentence Reports
 
 9
 A district court's decision whether to release a presentence report is reviewed for abuse of discretion. United States v. Anzalone, 886 F.2d 229, 233 (9th Cir. 1989). There is a strong presumption in favor of confidentiality when balancing the need for disclosure against confidentiality. Id.
 
 
 10
 Carrillo-Colorado contends the presentence reports of other defendants unrelated to his case were necessary to prove his selective prosecution claim. The government, however, admitted that other defendants who committed similar or greater crimes were afforded the opportunity to withdraw their pleas. Thus, the question was not whether criminal records were similar, but whether the defendants had filed pretrial motions, foregone a jury trial, or waived their right to appeal. The presentence reports were not dispositive in establishing these facts. Therefore, the district court did not abuse its discretion in preserving the confidentiality of the presentence reports. See id.
 
 III. Vindictive Prosecution
 
 11
 Carrillo-Colorado contends for the first time on appeal that the government's refusal to afford him the benefit of the new plea bargaining policy was vindictive prosecution. When a defendant raises an issue on appeal that was not raised before the district judge, the court of appeals may review for plain error. United States v. Dischner, 974 F.2d 1502, 1514 (9th Cir. 1992), cert. denied, 113 S. Ct. 1290 (1993). "A plain error is a highly prejudicial error affecting substantial rights." Dischner, 974 F.2d at 1514. Plain error is invoked to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process. United States v. Smith, 962 F.2d 923, 935 (9th Cir. 1992).
 
 
 12
 Carrillo-Colorado argues that because he filed pretrial motions, the government improperly denied him the extension of the new policy. However, he has made no showing of vindictiveness by the government which amounted to a miscarriage of justice. See Smith, 962 F.2d at 935.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3