110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sharon SHUSTA, Plaintiff-Appellant,
v.
Wil R. COUNTS, in his official and individual capacities;
Josephina Counts, aka Jane Doe Counts; Maxine
McCarthy, in her official and individual
capacities; John Doe McCarthy,
Defendants-Appellees.
 No. 96-15285.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1997.*
Decided March 18, 1997.
 
 Before: SKOPIL, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sharon Shusta appeals from the dismissal of her complaint alleging constitutional violations by members of the Arizona Board of Medical Examiners. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Shusta argues that the district court should not have dismissed her due process claim since she has sufficiently alleged that the Board's mishandling of her complaint against Harrell deprived Shusta of a liberty or property interest. We disagree.
 
 
 4
 Shusta argues that she has a liberty interest in controlling her own body. But that doesn't matter, because the Board did not take any state action toward Shusta's body. Cf. Cruzan v. Director, Mo. Dept. of Health, 497 U.S. 261 (1990) (reviewing state law restricting removal of life-sustaining treatment); Roe v. Wade, 410 U.S. 113 (1973) (reviewing state law restricting abortion). That tort law provides monetary compensation for bodily harm does not mean that Shusta's failure to recover tort damages affected her bodily integrity.
 
 
 5
 Nor were Shusta's property interests affected by the Board's actions. Nothing in Arizona law creates a substantive right in a patient's complaint to the Board, or a reasonable expectation of recovering fees in a Board proceeding. See Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.1994) (noting that reasonable expectation arises from statutory entitlement). Whether a patient subjectively might hope to receive money by complaining to the Board instead of suing is irrelevant. Shusta's argument that her lawsuit might have been impaired because the Board's decision in Harrell's favor was admissible in court also fails because the Board did not owe a legal duty to Shusta.
 
 II
 
 6
 Shusta argues that her substantive due process claim should not have been dismissed because the Board could not have had a legitimate reason to use corrupt procedures, but that misstates the issue. This claim was properly dismissed because the Board "could have had a legitimate reason" to rule in Harrell's favor, "whatever the merits of [Shusta's] procedural challenges." Id. at 66. Furthermore, Shusta suffered no constitutional injury since, as we have said, she had no constitutionally protected interest in the Board's decision.
 
 III
 
 7
 Shusta argues that she stated an equal protection claim based on discriminatory application of a facially valid statute, citing Yick Wo v. Hopkins, 118 U.S. 356 (1886). However, Shusta's complaint does not allege that the Board treated her as a member of a disfavored class. See United States v. Pitts, 908 F.2d 458, 460 (9th Cir.1990). Indeed, she expressly said "there is no evidence that any other person's Board Complaint was treated in such an improper and egregious manner." Since Shusta hasn't identified a "recognizable, distinct class, singled out for different treatment under the laws, as written or as applied," Castaneda v. Partida, 430 U.S. 482, 494 (1977), she hasn't stated an equal protection claim.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition, we need not decide whether the Board would be entitled to absolute immunity from suit