[No. B113059. Second Dist., Div. Two. June 3, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
DONNELL ATLAS, Defendant and Appellant.

524

**COUNSEL**

Patricia G. Bell, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NOTT, J.**—Donnell Atlas appeals from the judgment entered upon his conviction by jury of possessing cocaine base for sale, with the finding that the offense was committed within 1,000 feet of a school. (Health & Saf. Code, §§ 11351.5, 11353.6, subd. (b).) The court found that he had sustained two prior serious felony convictions within the meaning of the "Three Strikes" law (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and a prior conviction within the meaning of Health and Safety Code section 11370.2, subdivision (a).[1] Appellant contends that the trial court committed reversible error by failing to instruct the jury that the intent to sell narcotics had to occur within 1,000 feet of a school in order for section 11353.6 to apply. We reject this claim, and hold that section 11353.6 does not require proof of such intent.

### FACTS AND PROCEDURAL BACKGROUND

The evidence established that at approximately 8:40 a.m. on May 7, 1996, two Los Angeles sheriff's deputies driving eastbound on Manchester Boulevard stopped their marked patrol vehicle at a traffic light at Vermont Avenue and saw appellant standing in a nearby north/south alley. Along the alley, within 1,000 feet of where appellant stood, was a school. The school was open for classes at the time. The school was situated at the rear of a church facing Manchester Boulevard, and one of the deputies acknowledged that nothing in the alley indicated a school was nearby, although there was a sign facing Manchester Boulevard.

Appellant looked in the deputies' direction, appeared startled, and ran from the alley across the street in front of the deputies' vehicle. As he ran, he pulled several plastic baggies from his pocket and threw them towards a storm drain. One of the deputies recovered six "ziplock" baggies which contained cocaine base. The other deputy ordered appellant to stop and placed him under arrest. In the opinion of a deputy sheriff who was an expert regarding the sale of narcotics, appellant possessed the baggies of cocaine base for the purpose of sale. Appellant was over 18 years of age.

Appellant presented no evidence.

At sentencing, the trial court ordered the prior serious felony convictions stricken and sentenced appellant to thirteen years in prison, comprised of five years for possession, a five-year term for the section 11353.6, subdivision (b), enhancement, and a three-year term for the section 11370.2, subdivision (a), enhancement.

---

[1] Unless otherwise specified, all further statutory references are to the Health and Safety Code.

## DISCUSSION

Section 11353.6, subdivision (b), provides as follows: "Any person 18 years of age or over who ·is convicted of a violation of Section 11351.5 . . . , where the violation takes place upon the grounds of, or within 1,000 feet of, a public or private elementary, vocational, junior high, or high school during hours that the school is open for classes or school-related programs, or at any time when minors are using the facility where the offense occurs, shall receive an additional punishment of 3, 4, or 5 years at the court's discretion." Subdivision (g) of that section provides: " 'Within 1,000 feet of a public or private elementary, vocational, junior high, or high school' means any public area or business establishment where minors are legally permitted to conduct business which is located within 1,000 feet of any public or private elementary, vocational, junior high, or high school."

■ Appellant requested that the trial court instruct the jury that section 11353.6, subdivision (b) requires knowledge that a school is within 1,000 feet and further requires the intent to sell drugs or possess drugs for sale near the school. Following a lengthy discussion, the trial court determined that it would instruct the jury in the language of the statute. Over objection by the prosecutor, the court permitted defense counsel to argue that if appellant was merely walking down the alley and did not intend to possess the drugs for sale within a 1,000 feet of a school, the enhancement should be found not true. .

Appellant contends that the trial court erred in refusing to instruct the jury that he was required to have the intent to sell drugs near the school in order for the enhancement to be found true.[2]

■ Section 11353.6 was enacted in 1988 as an attempt to create "a drug-free zone around schools." (*People* v. *Jimenez* (1995) 33 Cal.App.4th 54, 58 [39 Cal.Rptr.2d 12].) The statute was amended in 1992, effective January 1, 1993, to expand the list of underlying offenses subject to the enhancement but to limit application of the enhancement to public areas or business establishments where minors may legally conduct business within 1,000 feet of a school and to the hours that schools are open for class or school-related programs or when minors are using the facility.[3] "The 1993 amendments . . . represent a change in focus away from attempting to

[2]On appeal, appellant concedes that there is no knowledge requirement as to the proximity of the school.

[3]The amendment adding the requirement that the school be open or that minors be using the facility was made to conform this section with language in section 11353.1, which provides for an enhancement for using a minor to sell controlled substances at or within 1,000 feet of a school which is in session or while minors are using the facility. (*People* v. *Figueroa* (1993)

create a 'drug-free zone' around schools, focusing instead on preventing the sale of drugs to students on their way to and from school and, equally important, protecting them from exposure to drug dealers and drug buyers so they will not be influenced to emulate the conduct of either." (33 Cal.App.4th at p. 59.)

 No California case addresses the issue before us, whether an intent requirement should be read into section 11353.6, subdivision (b). In construing section 11353.6, our objective is "to ascertain and carry out the intent of the Legislature." (*People* v. *Cruz* (1996) 13 Cal.4th 764, 782 [55 Cal.Rptr.2d 117, 919 P.2d 731].) Section 11353.6, subdivision (b) does not on its face have a mens rea requirement and, specifically, includes no language indicating that the People are required to prove that a defendant intended to commit the crime within the proscribed area. We decline to add such a requirement absent an indication that the Legislature so intended. "It is not our function . . . to add language or imply exceptions to statutes passed by the Legislature." (*Roberts* v. *City of Palmdale* (1993) 5 Cal.4th 363, 372 [20 Cal.Rptr.2d 330, 853 P.2d 496].)

Decisions of other jurisdictions construing similar statutes have concluded that no intent requirement should be applied. The Assembly Bill Analysis of Assembly Bill No. 3451, which was enacted as section 11353.6, indicates that "[a]ccording to the sponsor, the Los Angeles County District Attorney's Office, this bill seeks to enhance penalties for the specified violations by providing penalties similar to those already existing in federal law." The federal schoolyard statute, 21 United States Code section 845a, was enacted in 1984 to provide additional penalties for "[a]ny person who violates section 841(a)(1) of this title by distributing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school . . . ."[4]

*United States* v. *Falu* (2d Cir. 1985) 776 F.2d 46 was the first case to interpret 21 United States Code section 845a. *Falu* held that the purpose of the statute—to deter drug distribution in and around schools—was clear from the legislative history, and to impose a requirement that the defendant have knowledge that his activity was within the prohibited area "would undercut this unambiguous legislative design." (776 F.2d at p. 50.) *Falu*

---

20 Cal.App.4th 65, 69, fn. 1 [24 Cal.Rptr.2d 368]; see *People* v. *Williams* (1992) 10 Cal.App.4th 1389, 1394 [13 Cal.Rptr.2d 379].) Similarly, the legislative history indicates that the definition of "[w]ithin 1,000 feet of a . . . school" in subdivision (g) of section 11353.6 was added to conform this section with similar language contained in section 11353.1. (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2124 (1991-1992 Reg. Sess.) as amended Aug. 19, 1991.)

[4]This provision has since been incorporated into another statute, 21 United States Code section 860.

further held that the underlying statute, which was incorporated into the enhancement provision, provided the mens rea requirement, and that, therefore, a strict liability interpretation of the enhancement statute did not criminalize activity which would otherwise be innocent and, hence, did not violate due process.

*Falu* was followed in the Ninth Circuit by *U.S.* v. *Pitts* (9th Cir. 1990) 908 F.2d 458, where the defendant was convicted of possession of cocaine with intent to distribute within 1,000 feet of a school. *Pitts* expressly adopted the reasoning of *Falu*. Several other federal courts have come to the same conclusion. For example, in *U.S.* v. *McDonald* (D.C. Cir. 1993) 991 F.2d 866 [301 App.D.C. 157], where the defendant was convicted of possession of cocaine with intent to distribute under 21 United States Code section 860, the court held that the schoolyard enhancement was properly applied without regard to proof of whether he intended to distribute within the prohibited zone. (991 F.2d at pp. 868-871.) The court observed that the purpose of the enhancement statute is "to give students increased protection from the violence often accompanying serious drug offenses, and from the threat of having their lives corrupted through proximity to drug traffickers and their wares." (*Id.* at p. 869.) The court pointed out that "[this] is why possessing drugs with an intention to distribute them anywhere is treated as doubly abhorrent when the possessor is in the vicinity of a school. With intended distribution, as with actual distribution and manufacturing, comes large quantities of drugs, and thus danger." (*Ibid.*)

State courts interpreting similar statutes have likewise refused to find an intent requirement. In *Williford* v. *State* (Ind.Ct.App. 1991) 571 N.E.2d 310, an Indiana court held that a statute similar to section 11353.6, subdivision (b), did not require the People to prove that the defendant was knowingly or intentionally within the proscribed area at the time he committed the drug offense. The statute at issue there, Indiana Code section 35-48-4-10, provided, in relevant part, that a person who "knowingly or intentionally manufactures or delivers marijuana" commits a class A misdemeanor but that the offense is a Class C felony "if . . . the person delivered marijuana . . . in or on school property or within one thousand (1000) feet of school property or on a school bus." The defendant requested an instruction stating that the statute required that he acted knowingly or intentionally with regard to being within 1,000 feet of school property. This instruction was refused, and the trial court delivered an instruction requested by the prosecution, stating that the prosecution was "not required to prove the defendant was knowingly or intentionally within 1000 feet of school property at the time the marijuana was delivered." (571 N.E.2d 310, 311.)

In approving the latter instruction, the *Williford* court observed that "[t]he clear legislative intent [in providing for the enhanced penalty] was to

increase the severity of drug offenses occurring on or around school property" and that the Indiana statute "resembles the federal 'schoolyard statute,' 21 U.S.C. § 845a, enacted in October 1984, which was '[d]esigned to "send a signal to drug dealers that we will not tolerate their presence near our schools." ' *U.S. v. Falu* (2nd Cir.1985), 776 F.2d 46, 48, *quoting* 130 Cong. Rec. S559 (daily ed. January 31, 1984) (statement of Sen. Paula Hawkins)." (571 N.E.2d at pp. 311-312, fn. omitted.) The court thus relied on *Falu*, which addressed the issue of whether the statute required proof of knowledge, in rejecting a claim that the statute had an intent requirement.

Similarly, a Pennsylvania court held that an analogous statute did not require the prosecution to prove that the defendant intended to be within 1,000 feet of a school when he possessed controlled substances with intent to deliver. (*Com.* v. *Murphy* (1991) 405 Pa.Super. 452 [592 A.2d 750].) That statute, 204 Pennsylvania Consolidated Statutes section 303.9(c)(2), provided for increased penalties when the court found that the defendant "possesses with intent to deliver a controlled substance within 1000 feet of a . . . school . . . ." There, as here, the defendant claimed that his presence in the prohibited area "was 'an accident, an [*sic*] happenstance, a coincidence[.]' " (592 A.2d at p. 754.) The court concluded that the statutory language did not "read 'possession, with intent to deliver within 1000 feet of a school' " and that to require the government to prove the defendant intended to be within 1,000 feet of a school would defeat the purpose of the legislation. (*Id.* at p. 755.)

A New Jersey court concluding that a similar enhancement statute lacked an intent requirement observed, "Some would argue that the statute was never intended to apply to those like [the defendant] who happened to be riding his bicycle through a safety zone. However, that is precisely what was intended." (*State* v. *Ivory* (1991) 124 N.J. 582, 594 [592 A.2d 205, 211].)

Our determination that section 11353.6, subdivision (b), should not be read to include an intent requirement is supported by the conclusion in *People* v. *Price* (1989) 210 Cal.App.3d 1183 [259 Cal.Rptr. 282]. There, the court considered whether an earlier version of the weight enhancement statute, section 11370.4, required that the prosecution prove that the defendant had actual knowledge of the quantity or the intent to possess the specific quantity involved.[5] The court stated, "The enhancement does not require specific intent. It merely provides when the amount sold is more than a certain amount, an enhanced sentence may result." (210 Cal.App.3d at p. 1193, fn. omitted.) The court concluded that once the defendant was convicted of an enumerated underlying offense, no special intent or knowledge

---

[5]Section 11370.4 provided for a five-year enhancement when the defendant was convicted of section 11351 or section 11352 and the amount of contraband exceeded ten pounds.

was required under the enhancement statute. (*Id.* at pp. 1193-1194; see also *People* v. *Meza* (1995) 38 Cal.App.4th 1741 [45 Cal.Rptr.2d 844] [imposing strict liability for weight enhancement regardless of knowledge of quantity].)[6] *Price*, in turn, relied on *People* v. *DeLeon* (1982) 138 Cal.App.3d 602 [188 Cal.Rptr. 63], which upheld imposition of an excessive taking enhancement under Penal Code section 12022.6 in the absence of knowledge of the amount taken.

The trial court here relied on *U.S.* v. *Pitts, supra,* 908 F.2d 458, and *People* v. *Meza, supra,* 38 Cal.App.4th 1741, in refusing appellant's proposed instruction. *Pitts* and *Meza* each reasoned, citing *United States* v. *Falu, supra,* 776 F.2d 46, that the elimination of a mens rea requirement in the enhancement statute under consideration did not violate due process because the mens rea element was contained in the underlying statute which was incorporated in the enhancement provision. Appellant argues that, under this reasoning, in order for section 11353.6 to apply, each of the elements of the underlying statute, here section 11351.5, must have been committed within 1,000 feet of a school. He claims, therefore, that since the specific intent to sell the drugs he possessed is an element of section 11351.5, the enhancement requires that he have had the intent to sell the cocaine base within 1,000 feet of the school.

Appellant's argument is similar to that presented in *People* v. *Price, supra,* 210 Cal.App.3d 1183, where the defendant claimed that the weight enhancement required proof of knowledge or intent because under *People* v. *Beeman* (1984) 35 Cal.3d 547, 560 [199 Cal.Rptr. 60, 674 P.2d 1318], a conviction of the *charged crimes* as an aider and abettor required the finding that he acted with the requisite knowledge and intent. The court there rejected this claim, stating, "No special intent or knowledge is required under the [enhancement] statute or under *Beeman*." (*People* v. *Price, supra,* at p. 1194.) Similarly, neither section 11353.6 nor section 11351.5 requires a finding of intent to possess for sale within 1,000 feet of a school in order for the enhancement to apply.

Appellant complains that his conduct, walking down an alley which happened to be within 1,000 feet of a school while he was in possession of drugs for the purpose of sale, was not the type of behavior which the Legislature intended to target in the 1992 amendment to section 11353.6. This amendment, as noted above, limited the application of the enhancement to offenses which occur in a public area or business establishment within

---

[6]*Meza,* the court which decided *Price,* overruled *Price* to the extent it "seems to require clarification instructions" as to the scope of the defendant's knowledge or intent regarding the quantity of contraband. (*People* v. *Meza, supra,* 38 Cal.App.4th at p. 1748.)

1,000 feet of the school and while school is in session or minors are using the facility. Appellant claims that the Legislature was thereby targeting a specific type of conduct and did not mean "to indiscriminately punish all violations of law occurring within 1,000 feet of a school."

To the contrary, if the Legislature believed that the "mere" possession of drugs for the purpose of sale, prohibited by sections 11351 and 11351.5, was not the type of conduct to be targeted by the enhanced penalty, it would not have included, or would have subsequently omitted, sections 11351 and 11351.5 from the list of offenses subject to such enhancement. While appellant's conduct may not have encompassed an actual drug sale at the time he was seen standing within 1,000 feet of the school by the deputies,[7] he was nevertheless engaged in conduct which constituted a violation of one of the enumerated statutes, a clear indication that the Legislature intended to proscribe such behavior in the vicinity of schools and schoolchildren. The statute is intended to protect students "from exposure to drug dealers and drug buyers so they will not be influenced to emulate the conduct of either." (*People* v. *Jimenez, supra,* 33 Cal.App.4th at p. 59.)

In *United States* v. *Falu, supra,* 776 F.2d 46, the court concluded, "Although we are aware that some schools are not clearly recognizable as such from all points within the 1,000-foot radius, Congress evidently intended that dealers and their aiders and abettors bear the burden of ascertaining where schools are located and removing their operations from those areas or else face enhanced penalties." (776 F.2d at p. 50.) It is apparent that our Legislature intended the same. Imposing an intent requirement would limit the statute's ability to effect that goal.[8]

DISPOSITION

The judgment is affirmed.

Fukuto, Acting P. J., and Zebrowski, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 16, 1998.

---

[7]When the deputies first saw appellant, he was standing in the alley near a telephone pole. He began walking and then running after he looked in their direction.

[8]As the court pointed out in *U.S.* v. *McDonald, supra,* 991 F.2d 866, 870, the sentencing court may choose to strike the enhancement where imposition truly would be unjust. (See § 11353.6, subd. (f).)