**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Silverio ORTEGA–AMARO, akas Seal,**
**Silverio, Silverio Amaro–Ortega,**
**Arturo, Defendant—Appellant.**

**No. 03–50475.**

**D.C. No. CR–02–00539–AHM–05.**

United States Court of Appeals,
Ninth Circuit.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 7, 2005.*

Decided March 10, 2005.

Rob B. Villeza, Ronald L. Cheng, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Silverio Ortega–Amaro, Taft, CA, pro se.

Before HALL, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM**

Defendant Silverio Ortega–Amaro appeals his conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). We affirm.

Defendant argues that his indictment was deficient because it failed to plead a nexus between the cocaine distribution conspiracy and interstate commerce. We have consistently rejected this argument. *See United States v. Fernandez,* 388 F.3d 1199, 1219 (9th Cir.2004) (holding that "no proof of an interstate nexus is required in order to establish jurisdiction of the subject matter in most prosecutions under 21 U.S.C. § 841(a)(1)") (internal quotations omitted); *United States v. Tisor,* 96 F.3d 370, 374–75 (9th Cir.1996) (upholding a conviction for intrastate distribution and sale of methamphetamine under the Controlled Substances Act in part because Congress expressly found that intrastate drug trafficking substantially affects interstate commerce).

Defendant's arguments based on *Raich v. Ashcroft,* 352 F.3d 1222 (9th Cir.2003), *cert. granted,* —— U.S. ——, 124 S.Ct. 2909, 159 L.Ed.2d 811 (2004), are similarly unavailing. *Raich* dealt with "the intrastate, noncommercial cultivation and possession of cannabis for personal medical purposes as recommended by a patient's physician pursuant to valid California state law." *Id.* at 1228. This case, on the other hand, deals with drug trafficking, which courts have consistently held to have a sufficient effect on interstate commerce to allow for regulation by Congress. *See Tisor,* 96 F.3d at 374 (upholding a conviction for intrastate distribution and sale of methamphetamine under the Controlled Substances Act); *United States v. Thornton,* 901 F.2d 738, 741 (9th Cir.1990) ("Congress has stated and we have confirmed that drug trafficking is a national

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

concern which affects interstate commerce.").

Because the nexus to interstate commerce is not an element of the crime of conspiracy to distribute cocaine, defendant's plea colloquy did not violate either FRCP 11(c)(1) or 11(f).

**AFFIRMED.**