**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan MORENO, Defendant—Appellant.**

**No. 04–30358.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Filed April 21, 2006.

---

Before: BROWNING, ALARCÓN, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Juan Moreno argues that the district court violated his constitutional right to jury trial under *Blakely* because his sentence reflected a quantity in excess of that charged in the indictment and admitted in his guilty plea. He also argues for the first time that the court erred in sentencing him for possession of methamphetamine "ice" rather than for the "mixture" to which he pled guilty.

█ When Moreno pleaded guilty to possession of more than 50g of methamphetamine, the penalty he faced was fixed at 5 to 40 years in prison. The district court committed no *Apprendi* error[1] when it considered, along with other evidence, that Moreno was in possession of "ice" and other drugs when fixing Moreno's sentence under the Guidelines at 100 months.[2]

█ However, that same determination resulted in constitutional *Booker* error[3] because it lead to the significant enhancement of Moreno's sentence under mandatory sentencing guidelines. As the error was unpreserved, a limited *Ameline* remand is appropriate.[4]

He also argues that sentencing him for the greater quantity determined in the sentencing proceeding amounted to double jeopardy, because it gave the government a second chance, beyond his indictment, to prove a quantity. That is but another formulation of the argument against consideration of relevant conduct beyond that

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., FDMT—Federal Defenders of Montana Helena Branch Office, Helena, MT, Robin B. Hammond, Esq., FDMT—Federal Defenders of Montana (Billings), Billings, MT, for Defendant–Appellant.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

2. *Compare United States v. Velasco–Heredia*, 319 F.3d 1080, 1085 (9th Cir.2003) *with United States v. Toliver*, 351 F.3d 423, 432–33 (9th Cir.2003).

3. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

4. *United States v. Ameline*, 409 F.3d 1073, 1079 (9th Cir.2005) (en banc).

admitted in the plea to the indictment, and fails for the same reason. He was sentenced only once on his plea, for the crime of which he was convicted.

 Moreno also argues that his sentence should not have been enganced for sales with 1,000 feet of public housing,[5] because neither he nor anyone else realized they were within a special or protected zone. The defendant need not be aware of the protected location to apply this enhancement.[6]

We grant a limited remand to allow the district court to answer the question whether it would have imposed a different sentence had it viewed the Guidelines as advisory.[7]

**AFFIRMED and REMANDED.**

5. *See* 21 U.S.C. § 860(a).

6. *United States v. Pitts,* 908 F.2d 458, 461 (9th Cir.1990).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.