Filed 9/9/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B334998 |
| Plaintiff and Respondent, | (Super. Ct. No. 1331307) |
| | (Santa Barbara County) |
| v. | |
| JACK MILLS, | |
| Defendant and Appellant. | |

Jack Mills, a convicted "three striker," wants to be eligible for "elderly parole." The "short answer" is "no." The Legislature has precluded this theoretical remedy and there is no good reason for the judiciary to allow such relief. Here, the trial court reduced a 110 years to life sentence down to 43 years to life. The trial court struck one of the two strikes previously found to be true. We are not called upon to rule on the striking of this strike. The People did not appeal from this ruling. If the trial court struck this "strike" to make him eligible for elderly parole, it should not have done so. (See discussion, *post*.)

Because he is presently 67 years old, appellant contends that his "parole eligibility date is well after his natural life

expectancy." The theory of reversal for reconsideration is the claim that the trial court erroneously thought that appellant would be eligible for "elderly parole" if just one strike was stricken. He says: "Had the court known [appellant] is ineligible for elderly parole [Pen. Code § 3055 subd. (g)] it is reasonably probable it would have sentenced him differently." We do not agree with appellant's reading of the record concerning the trial court's alleged confusion regarding parole eligibility. Even if the prosecutor and defense counsel mistakenly believed that a "two striker" was eligible for elderly parole, that does not mean that the trial court was similarly mistaken. Its comments were prefaced by the phrase, "[i]f he's eligible under elder parole . . . ." The key word here is "if."

Moreover, we disagree with the claim that it is "reasonably probable" that the court would have stricken the remaining strike. This is speculation. The Court of Appeal does not reverse orders based upon speculation. Generally speaking, we do not opine on the trial court's reasoning, even if it is erroneous. We opine on its actual ruling. We also do not reverse where a theoretical trial court remedy would be unlawful.

We need not restate appellant's lengthy criminal history. The instant offense started as a home invasion robbery. During the course of the robbery, appellant attempted to kill J.A. with a firearm. He also assaulted two other people in the house with the firearm. It is only luck that J.A. survived being shot in the head at close range. He has life-long disabilities as a result of the attempted murder. "But for [appellant's] faulty marksmanship, we might be reviewing a first degree murder conviction." (*People v. Bradford* (1976) 17 Cal.3d 8, 20.)

Given appellant's criminal history and the horrific nature of the instant offenses, any further attempt to lessen the sentence

is wishful thinking even if he is "elderly" and even if he could be eligible for parole consideration in the future. Appellant does not fall outside the letter and spirit of the Three Strikes Law. He falls directly inside it. (See *People v. Williams* (1998) 17 Cal.4th 148, 161.) Moreover, the premise to appellant's contention is faulty, as we shall explain.

A defendant has an entitlement to be sentenced by a trial court who has an "informed discretion" of the alternatives it has before making a sentence decision. (E.g., *People v. Lynch* (2024) 16 Cal.5th 730, 773, citing *People v. Guiterrez* (2014) 58 Cal.4th 1354, 1391.) Perhaps the trial court would consider striking another strike if we were to reverse. This is beside the point.

Dismissing a strike or two strikes so that a defendant might be eligible for "elderly parole" is not a lawful reason to remove a defendant from the letter and spirit of the Three Strikes rule or the fair import of *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. There is no authority which allows such a striking to achieve "elderly parole." (See *In re Brown* (2024) 104 Cal.App.5th 969, 977 ["elderly parole"].) "'It is not our function . . . to add language or imply exceptions to statutes passed by the Legislature.' [Citation.]" (*People v. Atlas* (1998) 64 Cal.App.4th 523, 527.) Neither the trial court, nor an appellate court should attempt to make a "Three Strikes" prisoner eligible for "elderly parole." Doing so here would work a radical exception to the "Three Strikes rule." This would be the antithesis of judicial restraint.

Finally, there is no need to remand for the trial court to recompute credits. We assume that prison officials will correctly compute such credits. If appellant thinks the computation is erroneous, he may seek relief in the trial court. (Pen. Code § 1237.1.)

3

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>


                                    YEGAN, J.

We concur:


        GILBERT, P. J.


        CODY, J.


4

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Jennifer Peabody, Executive Director, David Andreasen, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.